United States District Court
Northern District of California

ALEKSANDR L. YUFA,

       Plaintiff,

    v.

TSI INCORPORATED,

       Defendant.

Case No.: CV 09-01315 KAW

ORDER RE: DEFENDANT TSI INCORPORATED'S MOTION TO DISMISS AS TO CLAIMS 1-5; GRANTING PLAINTIFF LEAVE TO AMEND AS TO CLAIMS 6-8

# I. INTRODUCTION

Pro se Plaintiff Aleksandr Yufa filed this action against Defendant TSI Incorporated alleging patent infringement in violation of 35 U.S.C. §§ 271-273, 281-299. Defendant has now moved to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Rule 12(b)(6). Dkt. No. 77.

On September 6, 2012, the Court held a hearing, and after careful consideration of the parties' arguments, the Court GRANTS Defendant's motion to dismiss for the reasons set forth below.  The Court GRANTS Plaintiff leave to amend his complaint to, if possible, sufficiently allege infringement of claims 6, 7, and 8 of U.S. Patent No. 6,346,983 (hereinafter "'983 Patent").

# II. BACKGROUND

Plaintiff filed this action on March 25, 2009, alleging that Defendant's predecessor-in-interest, Adams Instruments, infringed on Plaintiff's '983 Patent by manufacturing and selling wireless communication products believed to be utilizing technologies covered by the '983 Patent. Dkt. 1 at 4.

Before TSI answered the Complaint, the case was stayed pending the ongoing reexamination of the '983 Patent by the U.S. Patent and Trademark Office (PTO). Dkt. 37. During the reexamination, Plaintiff cancelled claim 2, and the PTO rejected claims 1, and 3-5 as

1 obvious. Dkt. 62. At the same time, the PTO rejected claims 6-8. Dkt. 44. Plaintiff appealed the

2 rejection of all claims to the Board of Patent Appeals and Interferences, which affirmed the

3 PTO's determination. *Id.* Plaintiff appealed to the Federal Circuit, which affirmed the rejection of

4 claims 1-5, and the invalidity of claims 6-8 were remanded to the PTO for further proceedings.

5 Dkt. 62.  At the hearing, the parties informed the court that Claims 6-8 survived reexamination

6 with modifications.

7       On May 21, 2012, Plaintiff's petition for writ of certiorari to the United States Supreme

8 Court was denied, thereby resulting in the cancellation of claims 1-5. Dkt. 73.

9       On May 29, 2012, the court lifted the stay in this case. Dkt. 75.  Defendant filed a motion

10 to dismiss on June 11, 2012. Dkt. 77.

### III. DISCUSSION

**A.  Merits of Defendant's Rule 12(b)(6) Motion**

13       In its motion, Defendant argues that the rejection of claims 1-5 by the PTO, and Plaintiff's

14 failure to plead Claims 6-8, disposes of this action. Def.'s Mot. at 4-5, Dkt. No. 77.  The parties

15 agree that the PTO's affirmed rejections of claims 1-5 dispose of those claims. *See* Pltf's Opp. at

16 4, Dkt. 78.  Therefore, the issue before this court is whether Plaintiff's action should be dismissed

17 in its entirety or if he should be afforded an opportunity to amend his complaint to properly plead

18 claims 6-8.

19       A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the

20 claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). Rule

21 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of

22 the claim showing that the pleader is entitled to relief." The function of this pleading requirement

23 is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

24 *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "While a complaint attacked by a Rule

25 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to

26 provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions,

27 and a formulaic recitation of the elements of a cause of action will not do. Factual allegations

28 must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations

United States District Court
Northern District of California

1   omitted).  In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and

2   construed in the light most favorable to plaintiff. "However, conclusory allegations of law and

3   unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."

4   *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at

5   555.

6           In practice, pro se pleadings are held to a less stringent standard than those filed by

7   lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1

8   (9th Cir. 1985).  Lawyers who regularly practice in federal court often seek to file amended

9   complaints, so it would be unfair and prejudicial to deny a pro se plaintiff the same opportunity.

10  Plaintiff alluded to claims 6-8 in his original complaint as "other claims of the '983 patent" that

11  may be later identified through the discovery process. Dkt. 1 at 3-4.

12          Due to the uncertainty and expense associated with patent litigation, the Northern District

13  has enacted Patent Local Rules, and Rule 3-1 requires early disclosure of infringement

14  contentions following the initial Case Management Conference.  This matter has not yet

15  proceeded to that stage due to the staying of the proceedings pending the PTO's reexamination of

16  the '983 Patent.  Despite the stay, Defendant was put on notice as to Plaintiff's intention to amend

17  his complaint to include claims 6-8 through correspondence with Plaintiff. Def.'s Mot. at 7, Dkt.

18  77; Plf's Opp. at 3, Dkt. 78.  In addition, the parties' joint status reports included the

19  reexamination status of claims 6-8. *See* Dkt. 62.

20          Generally, if the court dismisses the complaint, it should grant leave to amend even if no

21  request to amend is made "unless it determines that the pleading could not possibly be cured by

22  the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook,

23  Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).  In

24  patent cases, leave to amend only requires good cause after the early disclosure period has

25  commenced. N.D. Cal. Patent Local Rule 3-6.  Here, since the matter was stayed, the early

26  disclosure stage contemplated by the local rules has not yet begun.  Since the case is still in its

27  very early stages due to the court's previous stay pending reexamination, there is no compelling

28

reason to deny Plaintiff's request for leave to amend to definitively allege infringement of claims 6-8 in his complaint.  *See* Dkt. 78 at 7.

**B.  Plaintiff's First Amended Complaint Must Comport with the Federal Rules of Civil Procedure and Patent Local Rules**

Rule 8(a) requires a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *see also Bautista v. Los Angeles County*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case.").

Rule 8(a) also requires plaintiff to include "a short and plain statement of the grounds for the court's jurisdiction...." Fed.R.Civ.P. 8(a)(1).  Plaintiff erroneously lists the chapters in Title 35 of the United States Code rather than the code sections he contends pertain to this action, and so should amend accordingly to include the specific code sections.

Rule 8 also requires that each allegation of a complaint be "simple, concise, and direct." Fed.R.Civ.P. 8(d)(1).  A pleading may not simply allege a wrong has been committed and demand relief.  The underlying requirement is that a complaint give "fair notice" of the claim being asserted and the "grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Despite the flexible pleading policy of the Federal Rules of Civil Procedure, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). A plaintiff must allege with at least some degree of particularity overt facts which defendant engaged in to support plaintiff's claim. *Id.* at 649.

Plaintiff's original complaint ran afoul of Rule 8(a)'s requirement that a complaint set forth a "short and plain statement" of Plaintiff's claims showing that he is entitled to relief, and is therefore subject to dismissal. The pleading is also subject to dismissal because it does not comply with Rule 8(d)(1)'s requirement that a complaint contain "simple, concise, and direct" allegations. The original complaint also does not plainly and succinctly identify the transaction or occurrence giving rise to each legal claim and the facts that support the elements of that claim. As

such, the complaint fails to plead sufficient facts of Defendant's purported wrongdoing to provide fair notice of the claims alleged against them and the grounds upon which those claims rest.

In the amended complaint, Plaintiff should confine his allegations to the operative facts supporting each of his claims. Plaintiff is advised that all that is required under Rule 8(a)(2) is a "short and plain statement" of his claims showing that he is entitled to relief. Plaintiff is further advised that Rule 8(d) requires that any amended complaint must contain "simple, concise, and direct" allegations. Plaintiff is strongly encouraged to limit his allegations only to the facts that are relevant and material to his claims.

The amended complaint should clearly delineate each legal claim, and state facts indicating the nature and grounds for each claim. The amended complaint must also comport with Rule 10(b) of the Federal Rules of Civil Procedure, such that each paragraph must be separately numbered. Plaintiff's original complaint ran egregiously afoul of this requirement, with numbered paragraphs spanning several pages and others containing improper subsections. Dkt. 1. Plaintiff should also avoid providing commentary, case law, and legal argument. Plaintiff will have an opportunity to provide additional information and specifics regarding his infringement claims during the early disclosure process provided for in the Patent Local Rules. *See* Patent L.R. 3-1 *et seq.*

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must therefore be complete in itself without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED, and all infringement allegations regarding claims 1-5 of Plaintiff's '983 Patent are dismissed with prejudice.

2. Plaintiff is GRANTED leave to amend to plead infringement of claims 6-8 of the '983 Patent, and shall file a first amended complaint no later than fourteen (14) days from the date of this Order.  The Court warns Plaintiff that a failure to timely file a first amended complaint that complies with this Order will result in dismissal of this action.

IT IS SO ORDERED.

Dated: September 11, 2012

KANDIS A. WESTMORE
United States Magistrate Judge