United States District Court
Northern District of California

ALEKSANDR L. YUFA,

    Plaintiff,

v.

TSI INCORPORATED,

    Defendant.

Case No.: CV 09-01315 KAW

ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT TSI INCORPORATED'S MOTION TO DISMISS

Pro se Plaintiff Aleksandr Yufa filed this action against Defendant TSI Incorporated alleging patent infringement in violation of 35 U.S.C. § 271 *et seq*. Plaintiff filed his amended complaint on September 18, 2012 to specifically allege the infringement of claims 6, 7, and 8 of U.S. Patent No. 6,346,983 (hereinafter "'983 Patent"). (Dkt. No. 91.) Defendant now moves to dismiss Plaintiff's First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). (Dkt. No. 94.)

On November 15, 2012, the Court held a hearing, and after careful consideration of the parties' arguments, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss for the reasons set forth below.

**I. BACKGROUND**

Plaintiff filed this action on March 25, 2009, alleging that Defendant's predecessor-in-interest, Adams Instruments, infringed on Plaintiff's '983 Patent by manufacturing and selling wireless communication products believed to be utilizing technologies covered by the '983 Patent. (Original Compl., Dkt. No. 1 at 4.)

Before TSI answered the Complaint, the case was stayed pending the ongoing reexamination of the '983 Patent by the U.S. Patent and Trademark Office (PTO). (Dkt. No. 37.) During the reexamination, Plaintiff cancelled claim 2, and the PTO rejected claims 1, and 3-5 as

obvious. (Dkt. No. 62.) At the same time, the PTO rejected claims 6-8. (Dkt. No. 44.) Plaintiff appealed the rejection of all claims to the Board of Patent Appeals and Interferences, which affirmed the PTO's determination. *Id.* Plaintiff appealed to the Federal Circuit, which affirmed the rejection of claims 1-5, and the invalidity of claims 6-8 were remanded to the PTO for further proceedings. (Dkt. No. 62.)

On May 21, 2012, Plaintiff's petition for writ of certiorari to the United States Supreme Court was denied, thereby resulting in the cancellation of claims 1-5. (Dkt. No. 73.) Claims 6-8 survived the PTO's reexamination process and remain valid. Plaintiff's First Amended Complaint ("Am. Compl."), Dkt. No. 91, Ex. C.

On May 29, 2012, the court lifted the stay in this case. (Dkt. No. 75.) Defendant filed a motion to dismiss Plaintiff's original complaint on June 11, 2012. (Dkt. No. 77.) The Court granted Defendant's motion to dismiss claims 1-5, but granted Plaintiff leave to amend to sufficiently allege the patent's surviving claims 6-8. (Dkt. No. 90.) On September 18, 2012, Plaintiff filed his First Amended Complaint. (Dkt. No. 91.) Defendant has since filed the instant motion to dismiss Plaintiff's First Amended Complaint. (Dkt. No. 94).

## II. LEGAL STANDARD

A motion to dismiss a complaint under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Black*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint will survive a motion to dismiss if it contains "sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

While detailed factual allegations are not required, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to Plaintiffs." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). However, "conclusory allegations of law and unwarranted inferences are

insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996); *see also Twombly*, 550 U.S. at 555.

In patent cases, in order to sufficiently state a claim for direct infringement under 35 U.S.C. § 271(a), five elements must be met: (1) ownership of the patent, (2) the infringer's name, (3) a citation to the infringed patent, (4) the infringing activity, and (5) citations to federal patent law. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

To survive a motion to dismiss on a claim for induced infringement pursuant to 35 U.S.C. § 271(b), the complaint must allege direct infringement and sufficient facts that the "alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *i4i Ltd. P'ship v. Microsoft Corp.,* 598 F.3d 831, 851 (Fed.Cir.2010) (internal quotation marks omitted), *aff'd,* ––– U.S. ––––, 131 S.Ct. 2238, 180 L.Ed.2d 131 (2011). To induce infringement, a defendant must have "actively and *knowingly* aided and abetted another's direct infringement." *DSU Med. Corp. v. JMS Co., Ltd.,* 471 F.3d 1293, 1305 (Fed.Cir.2006) (internal quotation marks omitted).

## III. DISCUSSION

In order to discuss the merits of Defendant's Rule 12(b)(6) motion, the Court will address the emotional distress claim and the infringement claims separately.

### A. Emotional Distress Claim

Plaintiff's First Amended Complaint contains a new claim for emotional distress that was not included in the original complaint. (*Am. Compl.* at 8.) The Court's order dismissing the original complaint and granting leave to amend only granted Plaintiff leave to amend the complaint to allege the infringement of claims 6-8 of the '983 Patent:

> 2. Plaintiff is GRANTED leave to amend to plead infringement of claims 6-8 of the '983 Patent, and shall file a first amended complaint no later than fourteen (14) days from the date of this Order.

(*See* Order, Dkt. 90, at 6.) Since Plaintiff did not seek relief to add a new cause of action, and the Court did not grant Plaintiff leave to add an emotional distress claim, that claim is dismissed with prejudice, and the merits of Defendant's motion to dismiss as to that claim need not be addressed.

3

**B. Infringement Claims**

In his First Amended Complaint, Plaintiff crystalizes his claims for both direct infringement and indirect infringement—also referred to as "inducing" infringement. (Am. Compl., ¶¶15-18.) Fair notice requires that a complaint clearly identify each claim being asserted as well as the "grounds upon which it rests" rather than simply alleging that a wrong has been committed and demanding relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In addition, a plaintiff must allege with at least some degree of particularity overt facts which the defendant engaged in to support plaintiff's claim. *See Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

1. <u>Claim 1 for Direct Infringement</u>

As stated above, to survive this motion to dismiss, Plaintiff must plead facts that, taken as true, are sufficient to show (1) ownership of the patent, (2) the infringer's name, (3) a citation to the infringed patent, (4) the infringing activity, and (5) citations to federal patent law. *See Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000).

Here Plaintiff claims to have all rights to enforce the '983 Patent, and provides a copy of the patent, which lists him as the inventor, thereby showing ownership. (Am. Compl., ¶7, Exs. B, C.) He identifies TSI, Inc. as the infringer, as it acquired Adams Instruments in 2008. (Am. Compl., ¶ 3.) Plaintiff adequately cites to U.S. Patent No. 6,346,983, entitled "Methods and Wireless Communicating Particle Counting and Measuring Apparatus." (Am. Compl., ¶ 5.) Plaintiff identifies several of Defendant's products and alleges that they infringe by using a non-analog process of detecting signals that ultimately produces a "digital pulse where the on time is proportional to the value...." (Am. Compl., ¶¶ 11, 16, 18.) These specific products include the R-Series remote models 0.2μm@2.83LPM and 0.2μm@2.83LPM, and the AEROTRAK Handheld Particle Counters 9303 and 9306. (Am. Compl., ¶16.) Plaintiff then clearly identifies the applicable statutes and the relevant claims in the '983 Patent. (*See* 35 U.S.C. §271(a), (b).) This is sufficient to survive a motion to dismiss.

///

///

4

### 2. Claim 2 for Indirect or Inducing Infringement

To survive a motion to dismiss on a claim for inducing infringement, the Plaintiff must allege facts sufficient that, if true, show (1) direct infringement, (2) that the infringer knowingly induced infringement, and (3) "possessed specific intent to encourage another's infringement." *i4i Ltd. P'ship v. Microsoft Corp.*, 598 F.3d 831, 851 (Fed.Cir.2010). As stated above, Plaintiff has alleged sufficient facts for direct infringement. As to the knowledge prong, Plaintiff provides sufficient facts regarding his notification to Defendant in writing that he believed Defendant's products infringed upon the '983 Patent. (Am. Compl., ¶12.) Plaintiff then provided facts alleging that Defendant was encouraging the infringement of another through the sale of the allegedly infringing products. (Am. Compl., ¶ 16.) This claim also survives the motion to dismiss.

### 3. Defendant's Remaining Arguments

Many of Defendant's arguments for dismissal appear to turn on a perceived lack of credibility of the facts alleged in the First Amended Complaint. These are largely based on previous statements and representations made by Plaintiff during the course of litigation. (*See e.g.,* Def.'s Mot. at 5-6). In considering whether to dismiss a complaint for failure to state a claim, all allegations must be taken as true, so whether a fact is credible is irrelevant at this juncture. This remains true even if Plaintiff previously made statements to the contrary. Further, Defendant has no basis for stating that Plaintiff "has not conducted any further investigation to uncover facts supporting his assertion of claims 6-8," because Defendant does not possess that knowledge. (Def.'s Mot. at 6.) It would be improper for the Court to dismiss the case based on such a question of fact regarding Plaintiff's state of mind or knowledge.

Regardless, the First Amended Complaint supersedes the original complaint, such that the original complaint and any representations or facts alleged therein are treated as nonexistent. *See Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001). So even if Plaintiff "cribbed" the list of products from his initial complaint as Defendant argues, that alone is not grounds for dismissal. (*See* Def.'s Mot. at 8.) In fact, since the same patent is at issue, with only different claims being

///

asserted, the Court would expect to see the same products identified as infringing upon the same patent.

Defendant contends that Plaintiff's Amended Complaint "consists of nothing more than spurious legal conclusions, improper inferences, and facts that do not support his claim for patent infringement." (Def.'s Mot., Dkt. No. 94, at 9.)  While the Court recognizes that Plaintiff's complaint is organized in an unorthodox fashion, pro se pleadings are held to a less stringent standard than those filed by lawyers, and, as provided above, the First Amended Complaint does provide sufficient facts in support of Plaintiff's claims for both direct and inducing infringement. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985).

Defendant is correct in its assertion that generally a pleading "based on information and belief is insufficient in a complaint." *See Shroyer v. New Cingular Wireless Servs.*, 622 F.3d 1035, 1042 (9th Cir. 2010).  However, the Court interprets Plaintiff's repetitive use of the phrase "[u]pon information, evidences, and belief" in his separate causes of action to be a result of a lack of knowledge pertaining to pleadings practice, rather than a lack of factual basis. Since Plaintiff provides facts in support of his claims, Defendant's argument that Plaintiff does not provide "any factual basis upon which his 'beliefs' are founded" fails. (*See* Def.'s Mot. at 9.)

Given that pro se pleadings are held to a less stringent standard, even though Plaintiff's First Amended Complaint includes some unnecessary information and incorrect findings of law, this additional information is not fatal.  In fact, some of the information Plaintiff included may be required during the later stages of patent discovery, including during the infringement contentions phase. *See* Patent L.R. 3-1.

Since some documents, including Exhibit G's Claims Comparisons Chart, are not required to be produced at this time, the Court, in denying Defendant's motion to dismiss, is not making an affirmative finding concerning the legal sufficiency of any future discovery devices attached to the First Amended Complaint.  In fact, Plaintiff is hereby on notice that failure to comply with the unique discovery requirements set forth in the Patent Local Rules, as well as the reverse

///

engineering required to sufficiently assert infringement contentions, could be fatal to his action at a later date.

## IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED as to Claim 3 for Emotional Distress, which is dismissed with prejudice.

2. Defendant's motion is DENIED as to Claims 1 and 2 for patent infringement.

3. Defendant is ordered to file an answer to the First Amended Complaint within 21 days of this order.

4. The Initial Case Management Conference is set for Tuesday, January 15, 2013 at 1:30 p.m.

IT IS SO ORDERED.

Dated: November 15, 2012

_____
KANDIS A. WESTMORE
United States Magistrate Judge