United States District Court
Northern District of California

ALEKSANDR L. YUFA,

    Plaintiff,

  v.

TSI INCORPORATED, et al.,

    Defendants.

Case No.: CV 09-01315-KAW

ORDER RE: PLAINTIFF'S AUGUST 14, 2013 DISCOVERY LETTER

(Dkt. No. 124)

On August 14, 2013, Plaintiff Aleksandr L. Yufa filed a discovery letter brief seeking to compel supplemental responses to interrogatories, requests for production of documents, and requests for admission. (Dkt. No. 124.)

Pursuant to the Court's Standing Order, all discovery letters must be jointly prepared by the parties. Defendant TSI did not participate in the drafting of the discovery letter. The parties are, therefore, ordered to meet and confer to resolve the pending disputes. If those efforts fail to fully resolve all issues of contention, the parties shall jointly write and file a letter outlining any remaining discovery disputes consistent with the Standing Order. Any joint letter filed must be in the form of a letter, and not in the form of a brief. The parties are hereby directed to the Court's General Standing Order, available online at *http://www.cand.uscourts.gov/kaworders*.

In an effort to provide the parties with some guidance in their meet and confer efforts, the Court briefly reviewed Plaintiff's letter and discerned that at least some of the identified grievances were without merit. For example, contrary to Plaintiff's assertions, TSI's interrogatory responses were signed by attorney Christopher Sullivan, whose name is printed below the signature line. Discovery responses are generally signed by counsel when a party is represented. In another example, Interrogatories 2-4 appear to seek some kind of admission from Defendant that its products infringe on the '983 Patent, but are vague and unintelligible. Plaintiff

might be better served by propounding additional discovery before the close of fact discovery on October 31, 2013. As to Request for Admission No. 8, TSI's objection to the term "public use" is well founded, as Plaintiff did not define the term in his requests for admission. These are the types of disputes that should be easily resolved through the meet and confer process, and the joint letter, if necessary, should only contain topics that the parties cannot resolve without court intervention. The parties are ordered to meet and confer telephonically prior to filing a joint discovery letter.

    IT IS SO ORDERED.

DATE: August 21, 2013

*/s/ Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

United States District Court
Northern District of California

2