United States District Court
Northern District of California

ALEKSANDR L. YUFA,

    Plaintiff,

v.

TSI INCORPORATED, et al.,

    Defendants.

Case No.: CV 09-01315-KAW

ORDER RE: PLAINTIFF'S 10/29/13 STATEMENT & DEFENDANT'S MOTION FOR ADMINISTRATIVE RELIEF

(Dkt. Nos. 141 & 142)

On August 14, 2013, Plaintiff Aleksandr L. Yufa filed a discovery letter brief seeking to compel supplemental responses to interrogatories, requests for production of documents, and requests for admission. (Dkt. No. 124.) Thereafter, the Court instructed Plaintiff to meet and confer with Defendant in an attempt to resolve any remaining discovery disputes before filing a joint discovery letter, as required by the Court's Standing Order. (Dkt. No. 126.)

On October 30, 2013, Plaintiff filed a document, dated October 29, 2013, titled "Aleksandr L. Yufa's Statement RE: Court Order (Doc. 126) of August 21, 2013 regarding Discovery Letter (Doc. 124)." ("10/29/13 Statement", Dkt. No. 141). Therein, Plaintiff expressed his frustration that Defendant was not satisfying its discovery obligations by fully responding to Plaintiff's First Set of Requests for Production.

On November 1, 2013, Defendant filed a motion for administrative relief pursuant to Civil L.R. 7-11, to respond to Plaintiff's Statement. (Dkt. No. 142.) After a review of Plaintiff's Statement, and for the reasons set forth below, a response is not necessary, and Defendant's motion is DENIED.

Instead, the parties are ordered to meet and confer regarding Plaintiff's First Set of Request for Production, and prepare and file a joint discovery letter no later than November 15,

2013 if they are unable to resolve all matters informally. The Court will then address the joint letter, if filed, at the November 22, 2013 claim construction hearing.

In an effort to provide the parties with some guidance in their meet and confer efforts, joint discovery letters are different than stipulations. While the discovery letter is written jointly, it does not mean the parties are in agreement. In fact, the letter should specifically outline which issues are in dispute. In the case of requests for production, Plaintiff would have to first separately identify in writing—in the deficiency letter Defendant asked Plaintiff to provide—the specific, numbered requests for production that are allegedly deficient (e.g. Request No. 7), along with the specific types of documents (not the exact titles) believed to have been withheld from the production. In discovery matters the propounding party, in this case Plaintiff, bears the burden of identifying (1) which request is deficient, and (2) the perceived deficiency. The "deficiency letter" is the first step in the meet and confer process. Upon receipt, Defendant must respond to Plaintiff, and this response is usually in writing. In addition, the Court's Standing Order requires that the parties meet and confer telephonically before filing a joint discovery letter. This is because most discovery disputes can be resolved by the parties without court intervention.

Should the meet and confer efforts be unsuccessful, the parties must file a joint discovery letter with the Court, which outlines the remaining disputes and each party's respective position. An example of the format for a single dispute is provided below:

    **A. Request for Production No. X**

        [Reproduce the request.]

    **Dr. Yufa's Position**

        [Dr. Yufa's position outlining why TSI's response is deficient and which types of documents he believes are missing.]

    **TSI's Position**

        [TSI's rationale as to why they fully responded to the request for production.]

This format should be used for each dispute, and the parties should attach Plaintiff's First Set of Requests for Production and TSI's responses as exhibits to the joint discovery letter. No other documents should be attached to the letter. If the Court wants additional information or

documents, such as the meet and confer letters, the Court will ask the parties for additional information by a date certain.

In an effort to narrow the parties' disputes, the Court briefly reviewed Plaintiff's Statement. As to "Fact 5(a)," any allegedly false statements in Defendant's discovery responses are not a discovery dispute, but rather an issue for trial, so this should not be included in the parties' meet and confer. As to "Fact 5(b)," TSI's refusal to sign or participate in the first joint stipulation is not reviewable by the Court, as joint discovery letters are not stipulations. As to "Fact 5(c)," the Court addressed this issue above, and Plaintiff must identify the types of documents, not the titles, he believes are missing from Defendant's production. TSI is not required to provide a list of all of its documents.

Accordingly, Defendant's motion for administrative relief is DENIED, and the Court orders the parties to meet and confer telephonically prior to filing a joint discovery letter. If the parties are unable to resolve all disputes informally, and require court intervention, the joint letter must be filed no later than November 15, 2013. The joint letter is limited to Plaintiff's First Set of Requests for Production.

IT IS SO ORDERED.

DATE: November 1, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge