1  Brian Irion (SB#119865)
   birion@TheDesq.com
2  LAW OFFICE OF BRIAN IRION
   611 Veterans Boulevard
3  Suite 209
   Redwood City, CA 94063
4  Telephone: (650) 363-2600
   Facsimile: (650) 363-2606
5
   (Additional counsel listed on signature block)
6
   Attorneys for Defendant TSI INCORPORATED
7

8              **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ALEKSANDR L. YUFA                    Case No. 09-01315 KAW

12              Plaintiff,

13      v.                               The Honorable Kandis A. Westmore

14  TSI INCORPORATED                     **DECLARATION OF COURTLAND
                                         MERRILL IN SUPPORT OF TSI'S
15              Defendant.               MOTION FOR ATTORNEYS' FEES
                                         AND NON-TAXABLE COSTS**
16
                                         **Hearing Date:** August 7, 2014
17                                       **Time:**          11 a.m.
                                         **Courtroom:**    4 – 3rd Floor
18

        I, Courtland Merrill, declare as follows:
19
        1.      I am counsel of record for Defendant TSI, Inc.  I am a partner at the
20
    Minneapolis law firm Anthony Ostlund Baer & Louwagie P.A. ("Anthony Ostlund").  I
21
    make this Declaration in support of TSI's motion for attorneys' fees and non-taxable
22
    costs.
23
        2.      Aleksandr L. Yufa filed two lawsuits against TSI.  In a lawsuit filed here in
24
    the Northern District of California, Yufa alleged that TSI infringed U.S. Patent No.
25
    6,346,983 (the "'983 Patent").  In a separate lawsuit in the Central District of California,
26

27

28

Yufa alleged that TSI infringed U.S. Patent No. 6,034,769 (the "'769 Patent"), U.S. Patent No. 5,767,967 (the "'967 Patent"), U.S. Patent No. 5,946,091 (the "'091 Patent") and U.S. Patent No. 7,439,855 (the "'855 Patent").  Each of the patents in the two lawsuits relates to optical particle counters and many of the same products were accused of infringing Yufa's patents in both cases.  In particular, both the '983 Patent at issue in the Northern District case and the '769 Patent at issue in the Central District include claims involving optical particle counters that convert an analog signal to a digital form pulse without using a reference voltage and both involve either "strobe pulse packs" or "strobe pulse packages."

      3.     This declaration, and the attached exhibits, details the professional fees and nontaxable costs incurred by TSI in this lawsuit.  Attached as **<u>Exhibit A</u>** is a table summarizing all of the attorneys' fees and non-taxable costs that TSI is seeking in this matter.

      4.     TSI retained the Minneapolis, Minnesota-based law firm Lindquist & Vennum LLP for defense against Yufa's infringement claims.  Attached as **<u>Exhibit B</u>** is a detailed statement of all professional fees invoiced by Lindquist & Vennum for their work on this case.  This document includes a breakdown of the fees by each Lindquist & Vennum lawyer involved in the case.  Lindquist & Vennum maintained separate invoices for the work on the Central District case so the charges on Exhibit B relate only to the Northern District case.

5.      For ease of reference, the billing rates for the primary timekeepers from Lindquist & Vennum who performed services on this matter are described in the table below:

| **Name** | **Position** | **Average Rate** |
|----------|--------------|------------------|
| Bruce H. Little (0709) | Partner | 480.83 |
| Christopher R. Sullivan (3217) | Partner | 299.96 |

6.      Although Lindquist & Vennum began working on this matter in early 2009 when Yufa commenced this lawsuit, TSI is not seeking fees for all of the time spent by Lindquist & Vennum.  Instead, TSI is seeking to recover the fees incurred since the stay pending reexamination was lifted in this matter on May 29, 2012.  Additionally, although some other attorneys worked on the case, the bulk of the work was done by attorneys Bruce H. Little and Christopher R. Sullivan.  TSI is only seeking the fees bill by these attorneys after May 29, 2012.  After that date, Mr. Little billed for 523.95 hours of time for a total of $253,598.50 and Mr. Sullivan billed for 388.37 hours of time for a total of $119,791.05.  The total amount of attorneys' fees that TSI seeks for work by the Lindquist & Vennum firm is $373,389.55.

7.      Attached as **Exhibit C** is a true and correct copy of the attorney biography for Bruce H. Little that is published on the Lindquist & Vennum website.  Mr. Little is a partner at Lindquist & Vennum.  The biography details his professional experience as an attorney.

8.    Attached as **Exhibit D** is a true and correct copy of the attorney biography for Christopher R. Sullivan that is published on the Lindquist & Vennum website.  Mr. Sullivan is a partner at Lindquist & Vennum.  The biography details his professional experience as an attorney.

9.    Attached as **Exhibit E** is a table showing the specific charges for non-taxable costs and disbursements incurred by TSI through the Lindquist & Vennum firm. Taxable costs are included on TSI's separate Bill of Costs.  The non-taxable costs and disbursements incurred through the Lindquist & Vennum firm, which are also reported on Exhibit B totaled $9,202.51.

10.    In July 2013, TSI consolidated a number of outside litigation matters, including this case, to the Minneapolis law firm of Anthony Ostlund Baer & Louwagie P.A. ("Anthony Ostlund").  The Anthony Ostlund firm specializes in complex civil litigation, including patent infringement litigation.  In accordance with the best professional judgment of more senior Anthony Ostlund attorneys, Anthony Ostlund utilized associates, paralegals, law clerks, and case assistants to minimize the time and fees TSI incurred in connection with defending against Yufa's claims.

11.    The vast majority of the work on this case by the Anthony Ostlund firm was performed by attorneys Richard Ostlund, Courtland Merrill and Dan Hall.  Mr. Ostlund, Mr. Merrill and Mr. Hall's practices focus on complex business litigation, including litigation of patent cases.  Mr. Ostlund and Mr. Merrill are partners at the firm.  Mr. Hall is an associate attorney.  TSI is only claiming fees for the work performed by Mr. Merrill, Mr. Hall, and Anthony Ostlund paralegals and case assistants.  TSI is not seeking fees for

the work done by Mr. Ostlund, who supervised the overall strategy for TSI in multiple cases, or for the time spent by Anthony Ostlund attorneys from July through September 2013 getting up to speed on this case.

12.     The hourly rates charged in this case by the Anthony Ostlund attorneys, law clerks, paralegals, and case assistants were their standard hourly rates on matters in effect at the time the services were performed.  For ease of reference, the billing rates for the primary timekeepers who performed services on this matter are described in the table below:

| **Name** | **Position** | **Rates** |
|---|---|---|
| Courtland C. Merrill (CCM) | Shareholder | $295-$395 |
| Daniel R. Hall (DRH) | Associate | $205-230 |
| Jolana N. Berchin (JNB) | Paralegal | $150 |

13.     Because of the similarities between the two lawsuits, much of the work that my firm did applied to both lawsuits.  For example, time spent on depositions and mediating with Yufa related to both lawsuits.  Other work on the case, however, such as briefing summary judgment in the Northern District or preparing pretrial submission in the Central District related to one case but not the other.  TSI is seeking the full amount of the attorneys' fees that it has incurred for the work that applies directly to the Northern District case, and one half of the fees for the work that applied to both the Northern and Central District cases.  TSI is not seeking attorneys' fees for the work that applied only to the Central District case.

14.     Attached as **Exhibit F** is a table showing the charges that Anthony Ostlund invoiced for work that related solely to the Northern District case.  TSI is seeking $28,932.50 for professional fees that Anthony Ostlund billed for work related directly to this case.

15.     Attached as **Exhibit G** is a table showing the specific charges that Anthony Ostlund invoiced for work that was applicable to both cases.  TSI is seeking $23,024.75 for professional fees that Anthony Ostlund billed for work related that applied to both lawsuits.  Because the Central District case is ongoing, TSI is only seeking to recover fifty percent of the larger total of $46,049.50 for work that applied to both lawsuits.

16.     The total professional fees billed by Anthony Ostlund attributable to the Northern District case were $51,957.25.  TSI claims fees for 136 hours of work Mr. Merrill performed on this case, amounting to $43,730.  TSI is claiming fees for 32.45 hours of work Mr. Hall performed on this case, amounting to $6,678.50.  TSI is also claiming fees for 10.9 hours of work performed by Anthony Ostlund paralegals and case assistants totaling 1,548.75.   Combined, TSI is claiming 179.35 hours for the work performed by Anthony Ostlund on this case, amounting to $51,957.25 in fees.

17.     Attached as **Exhibit H** is a detailed statement of all charges invoiced by Anthony Ostlund from July 2013 through April 30, 2014.  Charges for work related only to the Central District case or to work that did not involve Yufa's lawsuits have been redacted because TSI is not seeking the fees for those cases here.  The charges that apply directly to the Northern District case are highlighted in gray.  The remaining work applied to both the Northern District and Central District cases.

18.     Attached as **Exhibit I** is a table showing the specific charges for non-taxable costs and disbursements incurred by TSI through the Anthony Ostlund firm.  Taxable costs are included on TSI's separate Bill of Costs.  The costs incurred through the Anthony Ostlund firm are also reported on Exhibit H.   Because many charges apply to both the Northern District and Central District, TSI is seeking only fifty percent of the total charges of $8,513.61.  Fifty percent of that total is $4,256.18.

19.     Attached as **Exhibit J** is a true and correct copy of my attorney biography, published on my firm's website.  I received my law degree in 2001.  The biography details my professional experience as an attorney.

20.     Attached as **Exhibit K** is a true and correct copy of the attorney biography for Dan Hall that is published on my firm's website.  He received his law degree in 2010. The biography details his professional experience as an attorney.

21.     TSI's local counsel in this matter was Brian Irion of the Law Office of Brian Irion.  Attached as **Exhibit L** is a true and correct copy of the attorney biography of Mr. Irion that is published on his firm's website.  Mr. Irion's hourly rate for this matter was $300 to $350.

22.     Attached as **Exhibit M** is a table summarizing the invoices submitted by the Law Offices of Brian Irion for the Northern District case.  The total amount invoiced by the Law Office of Brian Irion for professional fees was $13,073.16.

23.     Attached as **Exhibit N** is a table showing the specific charges for non-taxable costs and disbursements incurred by TSI through the Law Office of Brian Irion. Taxable costs are included on TSI's separate Bill of Costs.  The non-taxable costs and

disbursements incurred through the Law Offices of Brian Irion, which are also reported on Exhibit N totaled $200.24.

24.     Attached as **Exhibit O** is a true and correct copy of the invoices submitted by the Law Offices of Brian Irion for the Northern District case.

25.     Attached as **Exhibit P** is a true and correct copy of pages I-129 and I-130 from the 2013 Economics Survey report prepared by the American Intellectual Property Law Association ("AIPLA"). Pages I-129 and I-130 report the average cost of patent infringement litigation in the United States based on the size of the claim.

26.     Attached as **Exhibit Q** is a true and correct copy of page I-34 from the 2013 AIPLA 2013 Economic Survey detailing the average hourly rates for attorneys practicing intellectual property law in the United States, organized by various factors, including hourly rates and years of intellectual property law experience.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and based on my own personal knowledge.

DATED this 5th day of June, 2014.

/s/ *Courtland C. Merrill*
Courtland C. Merrill (*pro hac vice*)
cmerrill@aoblaw.com
ANTHONY OSTLUND BAER &
LOUWAGIE P.A.
90 South Seventh Street
Suite 3600
Minneapolis, MN 55402
Telephone: 612-349-6969
Facsimile: 612-349-6996

ATTORNEY FOR DEFENDANT
TSI INCORPORATED

Proof of Service by Mail

I, Courtland C. Merrill, state:

I am over the age of 18 years, employed in the county of Hennepin and am not a party to the above-entitled case.  My business address is 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402.

On the below executed date, I served the following documents:

**1.     Declaration of Courtland Merrill in Support of TSI's Motion for Attorneys' Fees and Non-Taxable Costs**

By depositing a copy thereof in the United States mail at 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402 in a sealed envelope, postage fully prepaid, addressed to:

Aleksandr L. Yufa
698 Cypress Avenue
Colton, CA 92324

I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct.  Executed at Minneapolis, MN on June 5, 2014.

/s/ *Courtland C. Merrill*
Courtland C. Merrill
