UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TSI INCORPORATED,<br><br>　　　　Defendant. | Case No. 09-cv-01315-KAW<br><br>ORDER GRANTING IN PART AND DENYING IN PART TSI INCORPORATED'S MOTION FOR ATTORNEYS' FEES AND NON-TAXABLE COSTS<br><br>Dkt. No. 178 |

Plaintiff Aleksandr L. Yufa filed this action alleging that Defendant TSI Incorporated's predecessor-in-interest infringed on U.S. Patent No. 6,346,983 ("the '983 Patent"). Ultimately, the court granted TSI's motion for summary judgment on the grounds of non-infringement, as none of TSI's accused products embodied all of the limitations found in claim 6 of the '983 Patent. (Dkt. No. 176.)

On June 5, 2014, Defendant TSI Incorporated filed a motion for attorneys' fees and non-taxable costs incurred in defending its patent infringement case filed by Plaintiff Aleksandr L. Yufa. (Def.'s Mot., Dkt. No. 178). TSI seeks to recover $452,078.89. (Def.'s Mot. at 2; Def.'s Reply, Dkt. NO. 187 at 5.)

On August 7, 2014, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART TSI's Motion for Attorneys' Fees and Non-Taxable Costs.

## I. BACKGROUND

Plaintiff Dr. Aleksandr L. Yufa is an inventor, who, on January 29, 1998, filed the '983 Patent, entitled "Methods and Wireless Communicating Particle Counting and Measuring Apparatus," which was at the center of this lawsuit. The '983 Patent concerns the methods and

devices for determining the existence, size, and quantity of airborne particles by utilizing a light beam. '983 Patent col. 1 l.5-10. As originally issued, the '983 Patent contained eight claims.

On March 25, 2009, Plaintiff filed this action alleging that Defendant's predecessor-in-interest, Adams Instruments, infringed on the '983 Patent by manufacturing and selling wireless communication products believed to be utilizing technologies covered by the '983 Patent. (Original Compl., Dkt. No. 1 at 4; First Am. Compl., "FAC," Dkt. No. 91 ¶ 16.)

The case was stayed pending the reexamination of the '983 Patent by the U.S. Patent and Trademark Office (PTO). (Dkt. No. 37.) Ultimately, only claims 6-8 survived the PTO's reexamination process with amendment. One such amendment was the addition of the words "without using a reference voltage" in claim 6. ('983 Patent Reexamination Certificate, Dkt. No. 153-3 at 25, col. 2 l. 1-2 (issued Aug. 14, 2012). On September 18, 2012, Plaintiff filed a first amended complaint alleging infringement of the surviving, amended claims. (*See* FAC ¶ 12.) Plaintiff's first amended complaint accused the same products of infringement as his original complaint.

On September 6, 2013, the Court held a patent tutorial, where the parties provided experts to explain the technology at issue to the Court. Dr. Yufa served as his own expert.

On November 22, 2013, the Court held a claim construction hearing. The claim construction order was issued on February 24, 2014. (Dkt. No. 168.) On December 12, 2013, Defendant filed a motion for summary judgment. (Dkt. No. 152.) The Court granted Defendant's motion for summary judgment in whole on May 21, 2014. (Dkt. No. 176.) On May 22, 2014, judgment was entered against Plaintiff. (Dkt. No. 177.)

On June 5, 2014, TSI filed the instant motion for attorneys' fees and non-taxable costs. (Def.'s Mot., Dkt. No. 178.) On June 10, 2014, Plaintiff filed his opposition. (Pl.'s Opp'n, Dkt. No. 183.) On July 3, 2014, TSI filed its reply. (Def.'s Reply, Dkt. No. 187.)

## II. LEGAL STANDARD

Prior to 1946, the Patent Act did not authorize the awarding of attorneys' fees to the prevailing party; instead following the "American Rule," where each party must bear his owns attorneys' fees and costs. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 134 S. Ct.

1749, 1753 (2014). Today, pursuant to 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." The Supreme Court recently rejected the Federal Circuit's legal test for determining whether a case is exceptional under § 285. *See Octane Fitness,* 134 S. Ct. at 1756. Under the previous standard, a case was deemed "exceptional" only if a district court either found litigation-related misconduct of an independently sanctionable magnitude—such as Rule 11 violations—or determined that the litigation was both "brought in subjective bad faith" and "objectively baseless." *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005).

In *Octane Fitness*, the Supreme Court rejected such a formal approach and held that an exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." 134 S. Ct. at 1751. In so doing, the Supreme Court instructed the district courts to "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id*. Under the new test, "a case presenting either subjective bad faith or exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. at 1757.

Additionally, the Supreme Court rejected the Federal Circuit's requirement that a party show subjective bad faith and objective baselessness by clear and convincing evidence. *Id*. at 1758. Rather, entitlement to fees under § 285 need only be shown by a preponderance of the evidence. *Id*. In a companion case, the Supreme Court clarified that on appellate review of exceptional case determinations, the Federal Circuit should apply the abuse of discretion standard. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 134 S. Ct. 1744, 1748 (2014).

Attorneys' fees under § 285 includes "those sums that the prevailing party incurs in the preparation for and performance of legal services related to the suit." *Maxwell v. Angel-Etts of California, Inc.*, 53 F. App'x 561, 569 (Fed. Cir. 2002) (quoting *Central Soya v. Geo. A. Hormel & Co.*, 723 F.2d 1573, 1578, 220 USPQ 490, 493 (Fed. Cir. 1983) (internal quotations omitted). The district court's failure to consider an award of expenses as part of an attorneys' fee award under

§ 285 is contrary to law. *Maxwell*, 53 F. App'x at 569.

### III. DISCUSSION

#### A. Merits

TSI seeks to recover the attorneys' fees and costs incurred in defending this action pursuant to 35 U.S.C. § 285. In order to recover, TSI must be the prevailing party. The Court granted TSI's motion for summary judgment in its entirety rendering TSI the prevailing party.

##### i. Whether this case is exceptional after *Octane Fitness*.

Plaintiff appears unaware of the U.S. Supreme Court's ruling in *Octane Fitness*, which disavowed *Brooks Furniture*'s "objectively baseless" standard in favor of a less rigorous standard for awarding attorneys' fees. *Octane Fitness*, 134 S. Ct. at 1751. Under the new standard, a case alleging "exceptionally meritless claims may sufficiently set itself apart from mine-run cases to warrant a fee award." *Id*. at 1757. Bad faith is no longer required. *Id*. After *Octane Fitness,* no bright-line rules define the parameters of what is exceptional, and no single element is dispositive. Rather, the inquiry requires the Court to consider a totality of the circumstances and to exercise its equitable discretion. *See Octane Fitness*, 134 S. Ct. at 1756 n.6 (analogizing to the Copyright Act context where the Supreme Court has instructed district courts applying a similar fee-shifting provision to consider a "nonexclusive list of factors, including frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.").

One consideration is the adequacy of Plaintiff's pre-filing investigation. TSI contends that Plaintiff did not purchase or test any of the accused products before filing his amended complaint. Defendant argues that such testing would have revealed that its accused products require a reference voltage, which, after reexamination, no longer satisfied all of the limitations in claim 6 of the '983 Patent. The Federal Circuit has stated that an adequate pre-filing investigation into infringement requires a party to "interpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement." *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1300 (Fed. Cir. 2004). Here, Plaintiff testified that he filed this action without purchasing or testing any of TSI's accused products to determine if they infringed

4

on the '983 Patent. (Yufa Dep., Dkt. No. 153-1, 101:14-21.) Nor did he conduct any testing before filing his first amended complaint. *Id.* In mitigation, Plaintiff claims that he attempted to purchase at least one particle counter from Defendant, but was told that the company does not sell its products to individuals. (Pl.'s Opp'n at 12.) In the absence of testing, Plaintiff relied on advertisements and articles, some of which were attached to his complaints. Of those documents attached to his pleadings, a few were of unknown authorship and none suggested that TSI products did not use a reference voltage. This suggests that Plaintiff did not conduct an adequate investigation prior, at the very least, to filing his first amended complaint, and weighs in favor of finding that this case is exceptional.

Another consideration is whether Plaintiff should have known that his case was meritless. Defendant contends that Plaintiff should have realized that his claims were meritless after "without using a reference voltage" was added to claim 6 during reexamination. TSI provided Plaintiff with substantial discovery, including schematics of the accused products that indicated that the products required a reference voltage. Instead of dismissing his lawsuit after reviewing TSI's discovery and appearing at the patent tutorial, Plaintiff prosecuted it without any admissible evidence, and relied solely on conclusory allegations of infringement and claims that TSI was lying.

Plaintiff contends that he had evidence to support his first amended complaint based on the attachments to his complaint and that his infringement claims survived TSI's motion to dismiss. (Pl.'s Opp'n at 5-8, 12). Dr. Yufa, however, confuses surviving the pleadings stage with having actual evidence of infringement. *Id.* The pleadings stage does not require factual support. Rather, the plaintiff is only required to allege facts that, if true, would result in him prevailing on his claims. That Dr. Yufa's case survived the pleadings stage is not proof that he possessed evidence of infringement. At the hearing, Dr. Yufa argued that TSI's schematics showed that its products used pulse width modulation, which do not use a reference voltage, and, therefore, infringe on the '983 Patent. Unfortunately, Dr. Yufa did not present any evidence to support this theory in his

opposition to TSI's motion for summary judgment,[1] which is why TSI's motion was granted on the grounds of non-infringement. Thus, in the absence of any evidence to support his claims before the Court, and in light of substantial and uncontroverted evidence indicating that the accused products did not infringe on the '983 Patent, Plaintiff's continued prosecution of this action was objectively unreasonable.

Plaintiff contends that TSI should be precluded from obtaining an award of attorneys' fees, because it has never claimed that Dr. Yufa was acting in bad faith or that his case was objectively baseless. (Pl.'s Opp'n at 11.) As an initial matter, post-*Octane Fitness*, these finding are not required. In addition, there was never a requirement for a party to disclose that it believed its adversary's case was objectively baseless or that he was acting in bad faith prior to seeking an award of attorneys' fees.

Lastly, Plaintiff argues that he is pro se and should be relieved of any liability, because he does not possess the legal education or training required to be an experienced litigant. (Pl.'s Opp'n at 14-15.) To the contrary, TSI contends that Dr. Yufa is not a typical pro se litigant, because he is a former U.S. Patent and Trademark Office patent examiner and the Court recognized him as an expert in the claim construction ruling. (Def.'s Mot. at 10.) While Dr. Yufa acknowledged that he was employed by the PTO, he argues that his employment did not concern the type of technology that he patented. (Pl.'s Opp'n at 14.) This is unpersuasive given that Dr. Yufa is also representing himself in several patent infringement cases in various district courts. TSI further argues that the purpose of § 285 is to compensate the prevailing party for its monetary outlays and to deter parties from bringing unwarranted suits. (Def.'s Mot. at 10.) There is no legal authority to support Plaintiff's position that pro se litigants should be relieved from paying attorneys' fees under § 285 simply for being pro se. In fact, some district courts have deemed patent cases brought by pro se litigants exceptional and awarded fees where the factual contentions lacked any evidentiary support. *See, e.g., Comora v. Thermo Cardiosystems, Inc.,* Case No. 91-cv-5620 WMB, 1992 WL

---

[1] If Plaintiff had provided admissible evidence, such as the schematics, that showed that TSI's optical devices used pulse width modulation, this would have created a triable issue of fact. Unfortunately, Plaintiff relied solely on conclusory allegations of infringement, which, without any evidence, is insufficient to survive summary judgment.

315226, at * 4 (C.D. Cal. May 5, 1992). The Court acknowledges that Dr. Yufa is an experienced pro se litigant, as he has cases pending in several district courts, including two other cases in the Northern District. At the hearing, Plaintiff admitted that he has not prevailed in any of these actions thus far. Given Plaintiff's history of prosecuting patent infringement cases, it would be improper to entirely relieve him from paying TSI's attorneys' fees, which would only encourage additional litigation. The Court, however, has the discretion to consider Dr. Yufa's status as a pro se litigant in its determination of when his case became exceptional.

In light of the above, this case is exceptional and TSI is entitled to some attorneys' fees and costs. The remaining issue is when Plaintiff should have known that his claims lacked factual support and were meritless.

### ii. Plaintiff's case lacked factual support after he conducted discovery at TSI's headquarters.

TSI seeks an award of attorneys' fees and non-taxable costs incurred from May 29, 2012, when the Court lifted the stay following reexamination of the '983 Patent. (Def.'s Mot. at 5.) Defendant contends that Plaintiff should have known following reexamination, when the '983 Patent emerged with claims that were narrower and could apply to fewer potential products, that TSI was not infringing on his patent. (Def.'s Mot. at 3.) Thereafter, TSI filed a motion to dismiss, which was granted, because Plaintiff's Original Complaint only alleged infringement of claims 1-5, which were no longer valid. *Id.* Plaintiff's First Amended Complaint alleged that the same accused products infringed on the '983 Patent. (*See* First Am. Compl., Dkt. No. 91.) Thus, TSI concluded that a reasonable litigant would have known that his claims were objectively baseless when the '983 Patent survived reexamination with narrower claims. (Def.'s Mot. at 3.)

The Court, however, disagrees. Dr. Yufa visited TSI's headquarters in July 2013 to review documents, including schematics, related to the accused TSI products. (Def.'s Mot. at 4; Def.'s Reply at 3.) On September 6, 2013, the Court held a patent tutorial, where the parties provided experts to explain the technology at issue. At the tutorial, TSI's expert explained that TSI's optical devices used a reference voltage, because that technology, despite being inferior to Plaintiff's, is the industry standard. At that juncture, even a pro se litigant with Dr. Yufa's

7

knowledge and experience should have known that he had no admissible evidence to support his claims of infringement rendering his lawsuit objectively baseless. Instead of voluntarily dismissing his lawsuit, Dr. Yufa continued to litigate his case without any admissible evidence.

Accordingly, the Court limits TSI's recovery to after the patent tutorial. According to Lindquist & Vennum LLP's billing records, counsel returned from the tutorial on September 7, 2013. (Merrill Decl., Ex. B at 8.) The next billing entry is from September 9, 2013. *Id.* Therefore, Dr. Yufa is obligated to pay reasonable attorneys' fees and costs incurred between September 9, 2013 and March 7, 2014.

### B.  Amount of the Attorneys' Fee Award

TSI seeks $438,419.96 in attorneys' fees incurred since the stay pending reexamination was lifted on May 29, 2012. (Decl. of Courtland Merrill in Support of Def. TSI's Motion for Attorneys' Fees and Non-Taxable Costs, "Merrill Decl.," Dkt. No. 179 ¶¶ 3, 6.) As provided above, the Court is limiting TSI's recovery to after the patent tutorial, so Dr. Yufa is obligated to pay reasonable attorneys' fees and costs from September 9, 2013 through March 7, 2014.

When calculating reasonable attorneys' fee, the Court must consider both the reasonableness of the hourly billing rate and the number of hours required. *See Larfarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1341-42 (9th Cir. 1986)(citations omitted).

#### iii.  Reasonableness of the Hourly Billing Rate

To determine the appropriate lodestar amount, the reasonableness of the hourly billing rate must be assessed. *Credit Managers Ass'n of S. Cal.*, 25 F.3d at 750. In doing so, the court must look to the prevailing market rates in the relevant community for similar work by attorneys of comparable skill, experience, and reputation. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). Generally, the relevant community is the forum where the district court sits. *Id.* The court recognized that the field of intellectual property law requires specialized knowledge. According to the American Intellectual Property Law Association, the average billing rate for IP attorneys in the San Francisco Bay Area was $736.00 per hour with a median rate of $500.00 per hour. (AIPLA Report of the Economic Survey 2013, Merrill Decl., Ex. P at 1.)

        a. Lindquist & Vennum LLP

Here, TSI's claimed hourly rates from the Lindquist & Vennum attorneys range from $315.00 to $500.00 per hour. (Merrill Decl., Ex. B at 6-9, 17-18.) Bruce H. Little is a partner with the law firm and his practice focuses on intellectual property litigation. (Merrill Decl., Ex. C.) Mr. Little has 30 years of experience as an attorney and has served as lead counsel in trial court and on appeal in patent infringement and other intellectual property cases. (Def.'s Mot. at 14; Merrill Decl., Ex. C.) Mr. Little's time was billed at $485.00 per hour in 2013 and $500.00 per hour in 2014. (Merrill Decl., Ex. B at 6-9.)

Christopher R. Sullivan is also a partner with the law firm. (Merrill Decl., Ex. D.) Mr. Sullivan has nine years of experience as an attorney, has a background in computer science, and has published several articles on intellectual property issues. (Def.'s Mot. at 14; Merrill Decl., Ex. D.) Mr. Sullivan's time was billed at $315.00 per hour in 2013. (Merrill Decl., Ex. B at 17-18.)

These hourly rates are within the range found reasonable.

        b. Anthony Ostlund Baer & Louwagie P.A.

In July 2013, TSI consolidated a number of outside litigation matters, including this case, to the Minneapolis law firm of Anthony Ostlund Baer & Louwagie P.A. ("Anthony Ostlund"). (Merrill Decl. ¶ 10.) The firm represents TSI in this case and in the case pending in the Central District of California, Case No. 12-cv-01614-FMO-JCG (C.D. Cal.). As a result, Defendant is seeking to recover $28,932.50 for the work directly related to this case, and half of the attorneys' fees incurred in relation to both cases, which is $23,024.75. (Merrill Decl. ¶¶ 14-15, Exs. F & G.)

TSI is only seeking recovery for the work performed by Courtland Merrill, Dan Hall, and the Anthony Ostlund paralegals and case assistants. (Merrill Decl. ¶ 11.) TSI is not seeking to recover fees for time spent by Anthony Ostlund attorneys from July through September 2013. *Id.*

Courtland Merrill is a shareholder with the law firm with 12 years of experience as an attorney, and his practice focuses on business litigation. (Merrill Decl., Ex. J.) Mr. Merrill's time was billed at $295.00 per hour in 2013 and $395.00 per hour in 2014. (Merrill Decl., Exs. F & G.)

Daniel Hall is an associate with the law firm. (Merrill Decl., Ex. D.) Mr. Hall graduated from law school in 2010 and has three years of experience as an attorney practicing patent

9

1   litigation. (Merrill Decl., Ex. K.) Mr. Hall's time was billed at $205.00 per hour in 2013 and
2   $230.00 per hour in 2014. (*See* Merrill Decl., Exs. F & G.)

3   Jolana N. Berchin is a paralegal with the law firm. (Merrill Decl. ¶ 12.) Ms. Berchin's
4   time was billed at $150.00 per hour. *Id.* TSI, however, provides no information regarding Ms.
5   Berchin's background or experience to support such a high hourly rate for a paralegal. Thus, the
6   Court reduces Ms. Berchin's hourly rate to $75.00 per hour.

7   With the exception of Ms. Berchin's rate, the hourly rates are within the range found
8   reasonable.

### c. Law Office of Brian Irion

Brian Irion of the Law Office of Brian Irion served as local counsel in this matter. (Merrill Decl. ¶ 21.) Mr. Irion is the founder of his firm and has 30 years of experience as an attorney. (Def.'s Mot. at 15; Merrill Decl., Ex. L.) TSI states that Mr. Irion's time was billed at $300.00 and $350.00 per hour. (Def.'s Mot. at 15.) This hourly rate is reasonable for an attorney with 30 years of experience.

### iv. Reasonableness of the Hours Billed

As an initial matter, Plaintiff generally objects to the attorneys' fees as excessive. (Pl.'s Opp'n at 16-17.) Plaintiff only specifically objects to the presence of two attorneys at his deposition, when he believes that only a single attorney was necessary. *Id.* at 16. This district has not found that having two attorneys present at a deposition is duplicative, especially in complex cases. Nonetheless, the Court has declined to award costs for work performed by Lindquist & Vennum based on TSI's failure to provide sufficient invoicing for the costs incurred, which addresses Plaintiff's concern regarding Mr. Little's travel expenses to conduct Dr. Yufa's deposition. *See* discussion *infra* Part III.C.i. TSI, however, is entitled to recover the reasonable attorneys' fees incurred in taking Plaintiff's deposition.

### a. Lindquist & Vennum LLP

As provided above, TSI may recover attorneys' fees incurred after Mr. Little's return from the patent tutorial. Attorneys Little and Sullivan collectively billed 254.75 hours.

Mr. Little worked 227.05 hours. (Merrill Decl., Ex. B at 8-9.) 213.8 hours occurred in

1  2013, and the remaining 13.25 hours were performed in 2014. *Id.* Thus, TSI was billed
2  $110,318.00 for Mr. Little's work during the relevant time period.
3  Mr. Sullivan worked 27.7 hours. (Merrill Decl., Ex. B at 18.) Thus, TSI was billed
4  $8,725.50 for Mr. Sullivan's work during the relevant time period.
5  TSI is entitled to recover $119,043.50 in reasonable attorneys' fees for the work performed
6  by Lindquist & Vennum between September 9, 2013 and March 7, 2014.

### b. Anthony Ostlund Baer & Louwagie P.A.

Anthony Ostlund represents TSI in this case and in the case pending in the Central District of California. Defendant is seeking to recover $28,932.50 for the work directly related to this case, and half of the attorneys' fees incurred in relation to both cases, which is $23,024.75. (Merrill Decl. ¶¶ 14-15, Exs. F & G.) All attorneys' fees were incurred after September 9, 2013. *Id.*

*1. Work performed exclusively on this case*

TSI seeks to recover $28,932.50 for the work directly related to this case. (Merrill Decl. ¶ 14; Ex. F.)

The billing records indicate that Mr. Merrill spent 76.2 hours on this case. (Merrill Decl., Ex. F.) The November 25, 2013 billing entry for six hours is described as "Prepare for motion for summary judgment in Northern District case; prepare stipulation for panel mediator." (Merrill Decl., Ex. F at 1.) This entry appears to be related to the Central District case, as this case did not involve a panel mediator. As a result, the Court will only attribute half of the six hours billed to this case. This reduces Mr. Merrill's billable hours to 73.2 hours. 55.1 hours were for work performed in 2013, and 18.1 hours were for work performed in 2014. Mr. Merrill's work exclusively on this case totals $23,404.00.

Mr. Hall worked 19.7 hours. (Merrill Decl., Ex. F.) 18.9 hours occurred in 2013, and the remaining 0.8 hours were performed in 2014. *Id.* Thus, TSI was billed $4,058.50 for Mr. Hall's work.

Ms. Berchin worked 3.9 hours exclusively on the Northern District case. (Merrill Decl., Ex. F.) At the reduced rate at $75.00 per hour, TSI would have been reasonably billed $292.50 for

11

1 her work.

2       Thus, TSI is entitled to $27,755.00 for work performed exclusively on this case. (*See*

3 Merrill Decl., Ex. F.)

            *2. Work performed on both this case and the pending Central District case*

5       The invoice relating to both cases contain several entries that appear related only to the

6 Central District case, such as anything pertaining to contempt proceedings, settlement and

7 mediation. (*See* Merrill Decl., Ex. G.)[2] Thus, the Court can only identify 45.3 hours billed by Mr.

8 Merrill,[3] 7 hours billed by Mr. Hall,[4] and 0.2 hours billed by firm paralegals and case assistants

9 that are relevant to both the Northern District and Central District cases. Thus, the total attorneys'

10 fees related to both cases is $15,818.50. Therefore, half of that amount, or $7,904.25, is

11 recoverable in this action.

12       In light of the above, TSI is entitled to a total of $35,659.25 in reasonable attorneys' fees

13 for the work performed by Anthony Ostlund.

        c.   <u>Law Office of Brian Irion</u>

15       TSI only attaches a table summarizing the invoices submitted by Mr. Irion's law firm by

16 date. (Merrill Decl. ¶ 22, Ex. M.) It does not provide detailed invoices necessary for the Court to

17 determine whether the number of hours billed was reasonable. Thus, the records provided are

18 insufficient to support an award of attorney's fees for the work performed by Mr. Irion.

19   **C.**   **Amount of the Non-Taxable Costs**

20       TSI also seeks to recover the non-taxable costs incurred in connection with this lawsuit.

21       As an initial matter, Plaintiff generally objects to the amount of non-taxable costs, claiming

22 that they are excessive. (Pl.'s Opp'n at 16.) Plaintiff bases this objection on alleged

23 representations from Lockheed Martin's counsel, from the firm O'Melveny and Myers, that its

---

[2] Exhibit H is "a detailed statement of all charges invoiced by Anthony Ostlund from July 2013 through April 30, 2014." (Merrill Decl. ¶ 17. Since this exhibit is largely duplicative of Exhibits F and G, and it is unclear how the Court should reconcile it with the other exhibits, the Court declines to consider any implications Exhibit H may have on TSI's motion and eventual recovery.
[3] Of the 45.3 hours billed by Mr. Merrill, 35.3 hours were in 2013 when his billing rate was $295.00, and 10 hours were in 2014 when his billing rate was $395.00. The total amount billed by Mr. Merrill that is clearly attributable to both cases is $14,363.50.
[4] The 7 hours billed by Mr. Hall all occurred in 2013 when his billing rate was $205.00 per hour.

costs for eight years of litigation— including patent reexaminations, four depositions, and expert reports— is approximately $11,000.00. *Id.* This amount is unusually low and is not in accordance with the costs of civil litigation, let alone patent litigation, so the Court presumes that Dr. Yufa is mistaken as to Lockheed Martin's actual costs.

### i. Lindquist & Vennum LLP

TSI seeks $9,202.51 in non-taxable costs incurred by Lindquist & Vennum. (Merrill Decl. ¶ 9, Ex. E.) TSI's accounting, however, is vague in its descriptions, fails to specify when the costs were incurred, and appears to group related expenses. *Id.* Thus, the Lindquist & Vennum table of costs is insufficient to support an award of non-taxable costs.

### ii. Anthony Ostlund Baer & Louwagie P.A.

TSI seeks $4,256.81, which represents half of the non-taxable costs incurred in relation to the Northern and Central District lawsuits. (Merrill Decl. ¶ 18, Ex. I.) The itemized costs, however, include arbitrator and mediator fees, which must have been incurred in the Central District case. (Merrill Decl., Ex. I.) Thus, with that item omitted, the total attributable cost to this lawsuit is $4,156.81, which is reasonable.

### iii. Law Office of Brian Irion

TSI seeks $200.24 for non-taxable costs incurred by Mr. Irion's law firm. (Merrill Decl., Ex. N.) These costs were for photocopying and postage. *Id.* With the exception of the $14.00 parking cost incurred in relation to the tutorial hearing, all costs occurred after the tutorial and are, therefore, reasonable and recoverable.

Accordingly, TSI is entitled to recover a total of $4,343.05 in non-taxable costs.

///
///
///
///
///
///
///
///

### IV. CONCLUSION

In light of the foregoing, the Court GRANTS IN PART AND DENIES IN PART Defendant TSI Incorporated's motion for attorneys' fees and non-taxable costs, and awards TSI attorneys' fees in the amount of $154,702.75 and non-taxable costs in the amount of $4,343.05 for work performed between September 9, 2013 and March 7, 2014.

IT IS SO ORDERED.

Dated: August 14, 2014

KANDIS A. WESTMORE
United States Magistrate Judge