1  Brian Irion (SB#119865)
   birion@TheDesq.com
2  LAW OFFICE OF BRIAN IRION
   611 Veterans Boulevard
3  Suite 209
   Redwood City, CA  94063
4  Telephone: (650) 363-2600
   Facsimile: (650) 363-2606
5
   (Additional counsel listed on signature block)
6
   Attorneys for Defendant TSI INCORPORATED
7

8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11 | ALEKSANDR L. YUFA | Case No. 09-01315 KAW |
12 | Plaintiff, | |
   | | The Honorable Kandis A. Westmore |
13 | v. | |
   | | **DEFENDANT'S NOTICE OF MOTION** |
14 | TSI INCORPORATED | **AND MOTION TO APPOINT** |
   | | **RECEIVER AND TO COMPEL** |
15 | | **ASSIGNMENT OF PATENTS TO** |
   | Defendant. | **RECEIVER** |
16
   | | **Hearing Date:** Jan. 15, 2015 |
17 | | **Time:**         11 a.m. |
   | | **Courtroom:**    4 – 3rd Floor |

**NOTICE OF MOTION AND MOTION**

To: Plaintiff Aleksandr L. Yufa ("Yufa"), 698 Cypress Avenue, Colton, CA 92324.

PLEASE TAKE NOTICE that on Thursday, January 15, 2015 at 11 a.m. or as soon thereafter as counsel may be heard in Courtroom 4 before the Honorable Magistrate Judge Kandis A. Westmore, in the United States Courthouse for the Northern District of California, 1301 Clay Street, Oakland, California 94612, Defendant TSI, Inc. ("TSI") will and hereby does move the Court to appoint a post-judgment receiver pursuant to Federal Rule of Civil Procedure 69(a) and California Code of Civil Procedure § 708.620 and to compel Yufa to assign U.S. Patent Nos.: 7,573,573; 7,439,855; 6,346,983; 6,034,769; 5,969,665; 5,946,091; and 5,767,967, and any continuation, continuation-in-part, or divisional application(s) related to, and/or that derive priority from, the foregoing patents, and any foreign counterparts thereof, including the rights to all past damages, as well as all income derived from these patents, to the receiver in order to satisfy the judgment entered in this case (Dkt. No. 205).

This Motion is made based on the Notice, Memorandum of Points and Authorities, Declaration of Courtland Merrill, the pleadings and records of file in this case, and such other evidence and/or argument as may be presented to the Court at the hearing. This Motion is made following the conference of the parties pursuant to L.R. 7-3 which took place on September 30, 2014.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

TSI obtained a judgment against Yufa in the amount of $166,364.88. (Dkt. No. 205.) Based on the information provided by Yufa in this lawsuit and other available information about his assets, it appears unlikely that TSI will ever be able to collect the full amount of its judgment from Yufa. Yufa denies having sufficient assets to pay even TSI's much smaller award of $7,319.08 in taxable costs. TSI also does not believe that there will be a meaningful opportunity to conduct post-judgment discovery to try to locate additional assets.

Throughout this case, Yufa has refused to respond to discovery and asserted baseless objections to producing documents and other information such as an asserted "private information

1  privilege." After seven unsuccessful attempts to serve Yufa with post judgment discovery, TSI

2  reached out to Yufa and asked that he accept service of post-judgment discovery. (*See* Merrill

3  Decl. Ex. 1.) In his response, Yufa indicated that he will once again assert the meritless "private

4  information privilege" and purported to impose numerous preconditions on any attempt to obtain

5  discovery. (*See* Merrill Decl. Ex. 2.)

6  Despite the difficulty of collecting the judgment against Yufa, TSI is aware of at least

7  some assets—Yufa's patent portfolio—that could be sold to raise money to pay all or part of the

8  judgment. The Court should order the appointment of a receiver and require Yufa to assign his

9  patents to the receiver so they can be sold to satisfy the judgment.

10 **II.    FACTUAL BACKGROUND**

11  On May 21, 2014, the Court granted TSI's motion for summary judgment (Dkt. No. 152)

12  and dismissed Yufa's claims that TSI infringed U.S. Patent No. 6,346,983 (the "'983 patent").

13  (Dkt. No. 176.) The Court concluded that TSI's non-optical devices do not use a "light detecting

14  means" as required by independent claim 6 of the '983 patent. (*See id.* at pp. 5-6). The Court

15  concluded that TSI's remaining accused products do not convert a light detector's amplified

16  output into a digital signal "without using a reference voltage" as required by claim 6. (*Id.* at

17  6-8.)

18  After the Court granted TSI's motion for summary judgment, TSI submitted a bill of costs

19  and moved for an award of attorneys' fees and non-taxable costs. (Dkt. Nos. 178 & 180.) The

20  Court concluded that this case was exceptional within the meaning of 35 U.S.C. § 285 because

21  Yufa did not conduct a reasonable pre-suit investigation and should have known that his claims

22  lacked merit. (Dkt. No. 198.) Accordingly, the Court awarded TSI $154,702.75 in attorneys'

23  fees and $4,343.05 in non-taxable costs. (*See id.*) Additionally, taxable costs were awarded in

24  the amount of $7,319.08. (Dkt. No. 185.) Based on these awards, the Court entered judgment

25  against Yufa on September 3, 2014, in the cumulative amount of $166,364.88. (Dkt. No. 205.) It

26  has now been more than 14 days since entry of the judgment, and TSI is permitted to take action

27  to enforce the judgment. *See* Fed. R. Civ. P. 62(a).

28  Yufa continues to force TSI to incur unnecessary costs and expenses as a result of his

1  decision to file meritless patent infringement lawsuits against TSI.  In addition to the '983 patent,
2  Yufa also holds four other patents—U.S. Patent Nos. 5,767,967 (the "'967 patent"), 6,034,769
3  (the "'769 patent"), 5,946,091 (the "'091 patent"), and 7,439,855 (the "'855 patent")—that he has
4  asserted against TSI.  Yufa brought suit alleging that TSI infringed each of these patents in a
5  separate proceeding in the Central District of California.  On September 22, 2014, summary
6  judgment of non-infringement was granted against Yufa on all four patents that he asserted in that
7  action.  *See Yufa v. TSI, Inc.*, Case No. SA CV 12-1614 FMO (JCGx), slip. op. (C.D. Cal. Sept.
8  22, 2014) (ECF Dkt. No. 121).  Notably, the Central District Court's decision with respect to the
9  '769 patent was nearly identical to this Court's decision with respect to the '983 patent.  The '769
10 patent involved claims related to a "light detection system" that converted signals to digital pulses
11 "without using a reference voltage."  *Id.* at 14-15.  Yufa's infringement theory for the '769 patent
12 was just as frivolous as his theory for infringement of the '983 patent in this action because TSI's
13 optical devices (those that use light) use a reference voltage.  *Id.*  None of Yufa's other
14 infringement theories fared any better in the Central District.  *See id.*  Although summary
15 judgments have been granted dismissing every claim Yufa has asserted against TSI in multiple
16 lawsuits, TSI continues to be harmed by Yufa's lawsuits.  Yufa is proceeding with an appeal of
17 this Court's decision and is appealing the decision in the Central District case as well.  Those
18 appeals will result in additional, unnecessary expenses that TSI will have to bear.
19          Although TSI has obtained a judgment against Yufa, Yufa claims that he has limited
20 assets from which the judgment could potentially be satisfied.  In a letter dated June 30, 2014, for
21 example, Yufa told TSI that he did not presently have the money to pay the $7,319.08 amount
22 that had been awarded in taxable costs. (Merrill Decl. Ex. 3.)  Each month since this Court taxed
23 costs against Yufa, he has made a payment to TSI in the amount of $20 to $34.  (Merrill Decl.
24 Exs. 3-9.)  To date, Yufa has made six payments to TSI totaling $134.  (*Id.*)  If Yufa is unable to
25 pay $7,319.08 in taxable costs that were initially awarded, he certainly cannot pay the full
26 $166,364.88 that TSI is now entitled to collect.  Without considering any interest, at the rate he
27 has paid to date, it will take Yufa approximately 25 years to satisfy the award of taxable costs,
28 and some 500 years for him to pay the entire amount of the judgment.

1       Documents filed in a recent divorce proceeding involving Yufa confirm the limited extent

2  of his assets.  A document reporting the value of the community property of Yufa and his ex-wife

3  showed community property with a net fair market value of just $28,200.00.  (Merrill Decl.

4  Ex. 10.)  Although Yufa's other assets are limited, Yufa does own several patents that could be

5  sold in order to try to recover something to satisfy the judgment.  (Merrill Decl. Ex. 11.)  Yufa's

6  patent portfolio appears to be the only asset he owns that might satisfy the judgment entered in

7  this case.

8       The proper procedure for a judgment creditor, such as TSI, to reach an intangible asset to

9  satisfy a judgment is to seek appointment of a receiver to sell the asset.  For the reasons that

10 follow, the Court should appoint a receiver to sell Yufa's patents so that TSI may recover some

11 value to satisfy the judgment.

12 **III.   ARGUMENT**

13      As the judgment creditor, TSI is permitted to execute on the judgment as allowed under

14 Rule 69(a) of the Federal Rules of Civil Procedure.  Rule 69(a) permits a judgment creditor in

15 federal court to use any execution method consistent with the practice and procedures of the state

16 in which the district court sits.  *See* Fed. R. Civ. P. 69(a).  The well-established procedure for a

17 judgment creditor to satisfy a judgment against patents owned by the judgment debtor is to seek

18 appointment of a receiver to sell the patents.  *Sky Technologies LLC v. SAP AG*, 576 F.3d 1374,

19 1379 (Fed. Cir. 2009); *Finnegan v. Finnegan*, 64 Cal. App. 2d 109, 112-13 (Cal. Ct. App. 1944).

20 As a result, TSI is permitted to enforce the judgment by employing the methods allowed by

21 California law, including appointment of a receiver to sell Yufa's patents.

22      **A.   The Court Has Authority to Appoint a Receiver to Enforce A Judgment.**

23      California law authorizes appointment of a receiver to enforce a judgment.  California

24 Code of Civil Procedure § 708.620 provides that "[t]he court may appoint a receiver to enforce

25 the judgment where the judgment creditor shows that, considering the interest of both the

26 judgment creditor and judgment debtor, the appointment of a receiver is a reasonable method to

27 obtain the fair and orderly satisfaction of the judgment."  Likewise, California Code of Civil

28

1  Procedure § 564 provides that a receiver may be appointed "[a]fter judgment, to carry the
2  judgment into effect . . . ."

3  Federal courts in California have routinely appointed post-judgment receivers to aid in the
4  satisfaction of judgments by applying California law. *See, e.g.*, *Office Depot Inc. v. Zuccarini*,
5  596 F.3d 696, 703 (9th Cir. 2010) (affirming decision appointing post-judgment receiver to sell
6  domain names); *HSBC Bank USA, N.A. v. Dara Petroleum, Inc.*, No. 2:09-2356, 2014 WL
7  1775495 (E.D. Cal. May 2, 2014) (appointing post-judgment receiver under Cal. Civ. Proc. Code
8  § 708.620 to manage and then sell property to satisfy judgment); *Joe Hand Promotions, Inc. v.
9  Saddeldin*, No. 1:09-CV-02197, 2011 WL 1806919 (E.D. Cal. May 10, 2011); *J & J Sports
10 Prods., Inc. v. Bachman*, No. S-09-1225, 2011 WL 1376605 (E.D. Cal. Apr. 12, 2011)
11 (appointing post-judgment receiver to sell judgment debtor's alcoholic beverages license to
12 satisfy judgment). The United States Supreme Court has approved the practice of appointing a
13 receiver to sell patents for more than 130 years. *See Ager v. Murray*, 105 U.S. 126, 131–32
14 (1881). Since the *Ager* decision, appointment of a receiver to sell patents to enforce a judgment
15 has become a well-established practice. *Sky Technologies LLC v. SAP AG*, 576 F.3d 1374, 1379
16 (Fed. Cir. 2009); *Finnegan v. Finnegan*, 64 Cal. App. 2d 109, 112-13 (Cal. Ct. App. 1944);
17 *Zanetti v. Zanetti*, 77 Cal. App. 2d 553, 560 (Cal. Ct. App. 1947).[1]

18  **B.   The Court Should Appoint a Receiver to Sell Yufa's Patents in Order to**
19       **Satisfy the Judgment Against Him.**

20  Appointment of a receiver is an equitable remedy that the Court may order upon a
21 showing that it is "a reasonable method to obtain the fair and orderly satisfaction of the
22 judgment." California Code of Civil Procedure § 708.620. Although "there is 'no precise
23 formula' that determines when a court should appoint a receiver, courts have identified several
24 factors that guide this determination." *HSBC Bank USA, N.A.*, 2014 WL 1775495 at *1 (quoting
25 *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009)). One of the most

---

[1] For a detailed explanation of the process to appoint a receiver to sell a patent pursuant to California law, *see* David J. Cook, *Post-Judgment Remedies in Reaching Patents, Copyrights and Trademarks in the Enforcement of A Money Judgment*, 9 Nw. J. Tech. & Intell. Prop. 128 (2010), http://scholarlycommons.law.northwestern.edu/njtip/vol9/iss3/3.

Case No. 09-01315 KAW     5     DEFENDANT'S NOTICE OF MOTION AND
                                MOTION FOR APPOINTMENT OF RECEIVER

DOCS-#3990162-v1

1  important considerations is the financial strength and position of the debtor. *See id.* The Ninth
2  Circuit has explained that "foremost among [the factors] being whether the property was of
3  insufficient value to insure payment, and whether the defendant was of doubtful financial
4  standing." *Canada Life Assur. Co.*, 563 F.3d at 844.  Other factors include:
5      [W]hether the party seeking the appointment has a valid claim; (2) whether there is
6      fraudulent conduct or the probability of fraudulent conduct by the defendant;
7      (3) whether the property is in imminent danger of being lost, concealed, injured,
8      diminished in value, or squandered; (4) whether legal remedies are inadequate;
9      (5) whether the harm to plaintiff by denial of the appointment would outweigh
10     injury to the party opposing appointment; (6) the plaintiff's probable success in the
11     action and the possibility of irreparable injury to plaintiff's interest in the property;
12     and (7) whether the plaintiff's interests sought to be protected will in fact be well-
13     served by receivership.
14 *HSBC Bank USA, N.A.*, 2014 WL 1775495 at *1.
15     Here, there is no doubt that TSI has a valid claim and no doubt about the probability of
16 TSI's success.  TSI has already prevailed and the Court has dismissed Yufa's claims.  (Dkt. No.
17 176.)  The remaining equitable considerations strongly favor appointing a receiver.  It is
18 reasonable to appoint a receiver to sell Yufa's patents because there is no reasonable way for TSI
19 to locate alternate assets of Yufa's from which to collect the judgment.  Yufa has obstinately
20 refused to produce discovery throughout this case.  For example, at his deposition, Yufa
21 repeatedly objected on the basis of an asserted private information privilege that simply does not
22 exist.  (*See, e.g.*, Dkt. No. 153-1, Decl. Ex. 1 [Yufa Dep.] at pp. 8-9, 30-31, 35, 39, 44, 46, 61-67,
23 72-73, 80-81, 87-88, and 132-34.)  Yufa has already stated that he will assert the same meritless
24 objection to post-judgment discovery.  (Merrill Decl. Ex. 2.)
25     Moreover, there is no reason that TSI should be forced to pursue discovery concerning
26 Yufa's assets before appointment of a receiver to sell his patents because Yufa's own statements
27 and the documents submitted in connection with his divorce show that he lacks the ability to
28 satisfy the $166,364.88 judgment against him, and that he may be unable to pay even the much

Case No. 09-01315 KAW        6        DEFENDANT'S NOTICE OF MOTION AND
MOTION FOR APPOINTMENT OF RECEIVER

DOCS-#3990162-v1

1 smaller $7,319.08 in costs that was initially ordered.  (*See* Merrill Decl. Exs. 3-10.)  Courts in
2 California routinely appoint receivers where there is doubt about the ability of the judgment
3 debtor to make payment.  *See United States v. Novus Ventures II, L.P.*, No. 12-CV-00523-LHK,
4 2012 WL 3257524, at *8 (N.D. Cal. Aug. 8, 2012) (citing capital impairment as a reason to
5 appoint a receiver); *Police & Fire Dep't Sys. of City of Detroit v. Orchard Park, LLC*, No. C
6 08-5316 PJH, 2009 WL 481266 (N.D. Cal. Feb. 24, 2009)("borrowers are of doubtful financial
7 standing"); *New York Life Ins. Co. v. Watt W. Inv. Corp.*, 755 F. Supp. 287, 292 (E.D. Cal. 1991)
8 ("Plaintiff has made a sufficient showing that the adequacy of the security is substantially
9 doubtful and that the financial strength of the defendants is at least doubtful.").

10 Additionally, in order to sell intangible assets like patents, appointment of a receiver is
11 required.  Courts routinely reject efforts to take intangibles directly without appointing a receiver.
12 *Peterson v. Sheriff of S.F.*, 46 P. 1060, 1060 (Cal. 1896) (holding that patent could not be reached
13 by execution on the patent directly); *see also Palacio Del Mar Homeowners Ass'n, Inc. v.
14 McMahon*, 95 Cal. Rptr. 3d 445 (Cal. Ct. App. 2009).  Because TSI cannot obtain Yufa's patents
15 directly, and selling those patents is the only reasonable method available to recover on the
16 judgment against Yufa, the Court should appoint a receiver to sell all of Yufa's patents.

17 **C.     The Court Should Compel Yufa to Assign His Patents to the Receiver.**

18 In order to ensure that the receiver can sell his patents, the Court should also compel Yufa
19 to assign his patents to the receiver in writing or, in the alternative, should appoint a trustee to
20 assign the patents to the receiver on his behalf.  Appointing a receiver, on its own, is not sufficient
21 to give the receiver authority under federal law to sell the patents because "[t]he Federal Patent
22 Act requires that all assignments of patent interest be in writing."  *Sky Technologies LLC v. SAP
23 AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009) (citing 35 U.S.C. § 261 (2006)).  The Court, however,
24 has authority to order Yufa to assign his patents.  *See Finnegan*, 64 Cal. App. 2d at 112-13 ("[A]
25 judgment debtor owning a patent may be compelled, upon examination in proceedings
26 supplementary to execution, to assign by proper instrument all his right in a patent to a receiver
27 appointed to dispose of it in aid of execution.").  In *Sky Technologies LLC*, the Federal Circuit
28 traced the practice of ordering a patentee to assign patents to a receiver to an 1881 United States

1   Supreme Court decision, which "held that the patentee was required to execute a writing to assign
2   title, or a trustee would be appointed to execute an assignment, 'if the patentee should not himself
3   execute one as directed.'" *Sky Technologies LLC*, 576 F.3d at 1379 (quoting *Ager*,105 U.S. at
4   131–32).  Likewise, California courts have approved the practice of appointing a trustee to assign
5   a patent to a receiver.  *See Zanetti*, 77 Cal. App. 2d at 560 ("a court of equity may appoint a
6   trustee to make an assignment of a debtor's patent right in case the debtor himself does not make
7   the required assignment, and an assignment executed by the trustee will pass title to a
8   purchaser").
9       In order to ensure that the appointed receiver has marketable title to the patents, the Court
10  should order Yufa to assign his patents to the receiver.  If Yufa is unwilling to do so, the Court
11  should appoint a trustee to assign the patents for him.

12      **D.**    **The Court Should Appoint Greyhound IP to Serve as Receiver.**

13      The Court has discretion to specify who should serve as a receiver.  *See* California Code
14  of Civil Procedure § 564; *City and County of San Francisco v. Daley,* 16 Cal. App. 4th 734, 744
15  (1993) ("The rule is established that the appointment of a receiver rests largely in the discretion of
16  the trial court and that its action in appointing a receiver or its refusal of an application for the
17  appointment of such an officer will not be disturbed in the absence of a showing that the court's
18  discretion has been abused").  The Court cannot, however, appoint an interested party to serve as
19  the receiver.  *See* California Code of Civil Procedure § 566.
20      TSI requests that the Court appoint Greyhound IP LLC ("Greyhound IP") to serve as
21  receiver.  Greyhound IP is a San Francisco, California-based company that specializes in the
22  monetization of intellectual property portfolios.  (Merrill Decl. Ex. 12.)  Greyhound IP's
23  Managing Director, Mitchell Rosenfeld, is a registered patent attorney with more than 20 years'
24  experience as an intellectual property professional.  Mr. Rosenfeld has extensive experience in
25  patent sales and licensing transactions on behalf of both small patent owners and Fortune 500
26  companies, and has sold numerous patent portfolios.  (*See id.*)  Additionally, Mr. Rosenfeld has
27  been named by Intellectual Asset Management Magazine to the "IAM 300" – The World's 300
28  Leading Intellectual Property Strategists.  (*See id.*)  Greyhound IP has the experience and

capability to evaluate, market and sell Yufa's patents in order to maximize the return on the sale. (*See id.*)

Greyhound IP's hourly rate charged for serving as a receiver in this matter is $350 per hour. (Merrill Decl. Ex. 13.) This rate is reasonable under the circumstances and comparable to the rates charged by similarly qualified persons. (Merrill Decl. ¶ 11.) TSI respectfully requests that the receiver's fees, the fees of the receiver's respective attorney, and all other attendant costs of the receivership be added as an additional costs to the judgment as allowed by California law. *See* Cal. Code of Civ. Proc. § 685.070(a)(5).

## IV.   CONCLUSION

TSI respectfully requests that the Court grant TSI's Motion, appoint a receiver, and order Yufa to assign his patents to the receiver.

[SIGNATURE PAGE TO FOLLOW]

| | |
|---|---|
| DATED:  December 8, 2014 | BY: <u>/s/ *Courtland C. Merrill*</u> |
| | |
| | Brian Irion (SB#119865) |
| | birion@TheDesq.com |
| | LAW OFFICE OF BRIAN IRION |
| | 600 Allerton Street |
| | Suite 202 |
| | Redwood City, CA  94063 |
| | Telephone: (650) 363-2600 |
| | Facsimile: (650) 363-2606 |
| | |
| | Bruce H. Little (*pro hac vice*) |
| | blittle@lindquist.com |
| | Christopher R. Sullivan (*pro hac vice*) |
| | csullivan@lindquist.com |
| | LINDQUIST & VENNUM PLLP |
| | 4200 IDS Center |
| | 80 South Eighth Street |
| | Minneapolis, MN 55402 |
| | Telephone: 612-371-3211 |
| | Facsimile: 612-371-3207 |
| | |
| | Richard T. Ostlund (*pro hac vice*) |
| | rostlund@anthonyostlund.com |
| | Courtland C. Merrill (*pro hac vice*) |
| | cmerrill@anthonyostlund.com |
| | ANTHONY OSTLUND BAER & LOUWAGIE P.A. |
| | 90 South Seventh Street |
| | Suite 3600 |
| | Minneapolis, MN 55402 |
| | Telephone: 612-349-6969 |
| | Facsimile: 612-349-6996 |
| | |
| | ATTORNEYS FOR DEFENDANT TSI INCORPORATED |

Proof of Service by Mail

I, Courtland C. Merrill state:

I am over the age of 18 years, employed in the county of Hennepin and am not a party to the above-entitled case. My business address is 90 South Seventh Street, Suite 3600, Minneapolis, MN 55402.

On the below executed date, I served the following document:

1. **DEFENDANT'S NOTICE OF MOTION AND MOTION TO APPOINT RECEIVER AND TO COMPEL ASSIGNMENT OF PATENTS TO RECEIVER**

By depositing a copy thereof in the United States mail at 90 South Seventh Street, Suite 3600, Minneapolis, MN  55402 in a sealed envelope, postage fully prepaid, addressed to:

Aleksandr L. Yufa
698 Cypress Avenue
Colton, CA  92324

I declare under penalty of perjury under the laws of the State of Minnesota that the foregoing is true and correct. Executed at Minneapolis, MN on December 8, 2014.

/s/ *Courtland C. Merrill*
Courtland C. Merrill