1                    UNITED STATES DISTRICT COURT

2                   NORTHERN DISTRICT OF CALIFORNIA

3   Before The Honorable Kandis A. Westmore, Magistrate Judge

4

5   ALEKSANDR YUFA,                )
                                  )
6            Plaintiff,            )
                                  )
7   vs.                           )      No. C 09-01315-KAW
                                  )
8   TSI, INCORPORATED,            )
                                  )
9            Defendant.           )
    _____)
10

11                                Oakland, California
                                  Thursday, June 18, 2015
12

13   TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
              RECORDING 11:09 - 12:03 = 54 MINUTES
14

15  APPEARANCES:

16  For Plaintiff:
                                  698 Cypress Avenue
17                                Colton, California 92324
                           BY:    ALEKSANDR YUFA, PRO SE
18

19  For Defendant:
                                  Anthony, Ostlund, Baer
20                                  & Louwagie
                                  90 South 7th Street
21                                Suite 3600
                                  Minneapolis, MN 55402
22                         BY:    COURTLAND MERRILL, ESQ.

23

24

25

2

1  Transcribed by:              Echo Reporting, Inc.
                               Contracted Court Reporter/
2                              Transcriber
                               echoreporting@yahoo.com
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

3

1  <u>Thursday, June 18, 2015</u>                    <u>11:09 a.m.</u>

2                    P-R-O-C-E-E-D-I-N-G-S

3                    --oOo--

4          THE CLERK:  Calling C 09-1315, Yufa versus TSI,

5  Incorporated.

6     Will the parties please state their name for the

7  record.

8          MR. YUFA (Telephonic):  Good morning, your Honor.

9  Aleksandr Yufa, Plaintiff in pro se.

10         THE COURT:  Good morning, Mr. Yufa -- Doctor Yufa,

11 sorry.

12         MR. MERRILL (Telephonic):  Good morning, your

13 Honor.  Courtland Merrill on behalf of Defendant, TSI,

14 Incorporated.

15         THE COURT:  And good morning, Mr. Merrill.

16    So we are here on the Defendant's renewed motion to

17 appoint a receiver and compel assignment of patents to the

18 receiver.  I've reviewed the parties' submissions, and I have

19 some questions that I need to ask before I can make my

20 decision here.  So I'll start with TSI.

21    Mr. Merrill, in your reply you state that the patents

22 have no monetary value.  If that's the case, why compel the

23 assignment and sale?  Mr. Merrill?

24         MR. MERRILL:  Can you hear me?

25         THE COURT:  Did you hear my question?

4

1          MR. MERRILL:  The question was -- as I understood
2    it, was that if the patents have no monetary value, why is
3    TSI seeking to have them sold at a receivership.

4          THE COURT:  Right.

5          MR. MERRILL:  They have monetary value to us, to
6    TSI, in the sense that as long as Doctor Yufa owns the
7    patents, he could continue to sue TSI in the future.

8          THE COURT:  Uh-huh.  So, I mean, who would be
9    likely to buy them if they have no value?  I mean, would it
10   be TSI?

11         MR. MERRILL:  Well, we -- TSI has $166,000 in a
12   credit bid, but we would -- we -- you know, unless somebody
13   else is going to come in there and pay --

14         THE COURT:  I think you -- are you on a cell
15   phone, because you're kind of --

16         MR. MERRILL:  I'm in my office.  I'm on speaker
17   phone.  I'm going to pull out the headset.

18         THE COURT:  Okay.

19         MR. MERRILL:  Does this sound better?

20         THE COURT:  Yes.  Thank you.

21         MR. MERRILL:  Okay.

22         THE COURT:  Because you were sort of --

23         MR. MERRILL:  I'm on a land line headset.  I don't
24   know what the interference is here, but --

25         THE COURT:  Okay.

5

1          MR. MERRILL:  So just let me articulate that for
2 you.
3          THE COURT:  Okay.
4          MR. MERRILL:  If there's any -- conceivably,
5 someone in the marketplace would buy the patents.
6          THE COURT:  Uh-huh.
7          MR. MERRILL:  We don't know of anyone that
8 infringes his patents, but Mr. -- you know, Doctor Yufa has
9 threatened TSI with infringement, and, you know, the value to
10 us is not being sued and the amount of money that we have
11 spent in defense.  So to that extent, we -- TSI will likely
12 put in a credit bid and take the patents --
13          THE COURT:  Okay.
14          MR. MERRILL:  -- for itself.
15          THE COURT:  Okay.  That's what I was thinking you
16 might have been getting at, but I wasn't sure.
17     Do you have -- do you have any sort of valuation at all
18 for each patent?
19          MR. MERRILL:  You know, we haven't individually
20 identified the value of each, but obviously those that he --
21 of the -- of the listed patents -- it's Exhibit 11 I believe
22 to my -- my original declaration lists all of them.  I mean,
23 those that Yufa has sued TSI on are certainly more valuable
24 in the sense that he believes that we have infringed them and
25 could sue us again in the future.

6

1          THE COURT:  Okay.

2          MR. MERRILL:  And so the patents that are going to

3 expire, you know, two -- one of them is going to expire in

4 2025 --

5          THE COURT:  Uh-huh.

6          MR. MERRILL:  We would think that would be more

7 valuable than the others.

8          THE COURT:  Okay.  And --

9          MR. MERRILL:  I'm just looking at them.  Yeah,

10 that's the '7439855 that doesn't expire until May 13, 2005 --

11 2025.

12          THE COURT:  Okay.  And then what happens if one or

13 more of the patents sell for an amount exceeding the

14 judgment?

15          MR. MERRILL:  So, in that instance then, you know,

16 as the rule of receivership and foreclosure apply, Mr. --

17 Doctor Yufa would get the surplus that he -- everything above

18 the amount of the judgment and any fees connected with the

19 sale --

20          THE COURT:  Uh-huh.

21          MR. MERRILL:  -- Doctor Yufa would be entitled to

22 that option.

23          THE COURT:  But wouldn't it be a little premature

24 to just have a receiver take all of his patents, have them

25 assigned to a receiver and then try and sell all of them,

7

1  without any sort of valuation?  Because it just seems kind of

2  extreme to require all of the patents to be assigned and sold

3  without knowing anything more about the value of them.

4          MR. MERRILL:  Sure.  So then the -- the

5  receivership profit and what we have proposed is that the --

6  all the patent portfolios be given as an asset to Greyhound

7  IP, and that's a professional firm that would be able to be

8  best suited to, number one --

9          THE COURT:  Uh-huh.

10          MR. MERRILL:  -- value the patents --

11          THE COURT:  Uh-huh.

12          MR. MERRILL:  -- and then, number two, get the

13  highest value for those patents.

14          THE COURT:  Uh-huh.

15          MR. MERRILL:  So, I mean, they -- and to do this

16  the right way, which is what we're trying to do so that it

17  could maximize the value --

18          THE COURT:  Uh-huh.

19          MR. MERRILL:  -- the Greyhound IP will do an

20  assessment and find out what's the best way to market the

21  patents and what their value is.  So I -- and we think that

22  Greyhound IP would be better suited than certain TSI and we

23  believe Doctor Yufa to ascertain what is the value of the

24  patents.

25          THE COURT:  Uh-huh.  And has this Greyhound

8

1 company taken a look at these patents?  Do they have any

2 information about the patents at this point and do they have

3 an opinion at all about whether or not they themselves

4 believe they'd be suitable receivers?

5           MR. MERRILL:  So, I mean, they -- what they have

6 done and their -- and this is what's -- all that's in the

7 record, Exhibit 13 to my declaration is an E-mail that I

8 received, and I asked --

9           THE COURT:  Uh-huh.

10           MR. MERRILL:  -- Greyhound IP's principal,

11 Mitchell Rosenfeld --

12           THE COURT:  Uh-huh.

13           MR. MERRILL:  -- what it would take to sell, and

14 he kind of lays out what he would have to do.  So --

15           THE COURT:  Okay.

16           MR. MERRILL:  -- no, they haven't done the work

17 yet.

18           THE COURT:  Uh-huh.

19           MR. MERRILL:  What he -- what they tell me is that

20 it will take about -- and that's what they -- because I

21 wanted to know what the cost would be.  He said, well, they

22 will charge about $350 an hour.

23           THE COURT:  Yeah, that's a lot of money.

24           MR. MERRILL:  And then it will take about -- yeah,

25 and it -- and it will cost about 16 to 20 thousand dollars to

9

1  sell those, the patents.

2           THE COURT:  Uh-huh.

3           MR. MERRILL:  And in that process -- and part of

4  that process is they would do that review and evaluation of

5  what the value is of the patents.

6           THE COURT:  Uh-huh.

7           MR. MERRILL:  And so they haven't done that yet

8  because obviously we wanted to make the motion and get the

9  order from your Honor to --

10          THE COURT:  Right.

11          MR. MERRILL:  -- to justify that sort of --

12 incurring that expense.

13          THE COURT:  Right.  But is there -- I know you're

14 relying on some court documents that you've pulled from Mr.

15 -- I mean, Doctor Yufa's divorce, but I don't know that

16 that's really enough or that you have enough information

17 about his financial status before sort of jumping to this

18 more extreme type of action here.

19     Is there any reason why TSI hasn't conducted a -- you

20 know, a judgment debtor examination or sought any other sort

21 of discovery regarding his financial status?

22          MR. MERRILL:  Sure.  So -- so TSI has served the

23 written discovery request on him, interrogatories --

24          THE COURT:  Uh-huh.

25          MR. MERRILL:  -- and there's a standard form,

1 "Where are your assets?  What are they?"  And -- and my

2 understanding from his responses in both -- to the discovery

3 and to Doctor Yufa's papers is he doesn't dispute that he has

4 no other valuable assets than his patents.

5          THE COURT:  Uh-huh.

6          MR. MERRILL:  So from the discovery responses and

7 Doctor Yufa's own papers, it appears he has no sources of

8 income other than what I understand is a Social Security, you

9 know, pension of some amount --

10          THE COURT:  Uh-huh.

11          MR. MERRILL:  -- and so all of the assets that he

12 has I think are going to be protected by whatever

13 California's, you know, exemption statutes.  We can't -- you

14 know, don't want -- and we don't want to, frankly, take, for

15 example, his vehicle that's worth less than a certain amount

16 of money or --

17          THE COURT:  Uh-huh.

18          MR. MERRILL:  -- the, you know, household goods

19 and that type of thing.  And, certainly, and those type of

20 products are -- are difficult to sell, and we just don't want

21 to be in that business.

22          THE COURT:  Right.

23          MR. MERRILL:  But that -- but the assets are the

24 -- the most easily salable assets are going to be the

25 patents.  So we -- we don't want to get in any more discovery

11

1 disputes with Doctor Yufa, and it doesn't look like he has

2 any other assets.

3          THE COURT:  Right.  Well, it just wasn't clear to

4 me because, you know, he's been financing litigating a number

5 of cases.  I don't know how many at this point, but he's been

6 able to conduct discovery.  He flew to Minnesota.  So it made

7 me wonder whether or not he actually has some source of

8 income or assets.

9      And, Doctor Yufa, maybe you can answer that question.

10 You know, do you have a job, and, if not, exactly how do you

11 survive?  How do you fund your litigation?

12          DR. YUFA:  Your Honor, without waiving any private

13 information regulations, I would like to tell you that I am

14 -- it is already disclosed by another defendant in other

15 cases I am 65 years old.

16          THE COURT:  Right.

17          DR. YUFA:  And, unfortunately, now I don't work,

18 but I -- I have some income which I try to get.  It does not

19 pay well, but except (indiscernible) at this time because 17

20 years of my life in this country, I thought that it will

21 bring to me (indiscernible) my older years, but

22 unfortunately, now I know more than before.

23      So and I would like to tell you that I may

24 (indiscernible) is that except that items which is my

25 treasure, I don't have any assumption to repay that $166,000

12

1 or $100,000 to -- but I would like to point out something

2 else, your Honor.

3     (Indiscernible) to receive their money.  Their hope is

4 to get my ownership of the patents, and (indiscernible) my

5 patents.  Plus, your Honor, the TSI (indiscernible) --

6 alleged infringement of those four patents.  Plus, I would

7 like to tell you, your Honor, that TSI is incorrect in that

8 it's (indiscernible)to license their patent to my patent

9 (indiscernible) one company over the license of my patent.

10 (Indiscernible) -- wanted the license on my patents or not.

11 (Indiscernible.)

12     So, your Honor, I believe that any decision will be

13 premature because, first of all, first your order denying

14 them their -- denying their first motion, their

15 (indiscernible) motion by TSI that it is (indiscernible) your

16 order that (indiscernible)  --

17          THE COURT:  What is?

18          DR. YUFA:  (Indiscernible.)

19          THE COURT:  What's still under --

20          DR. YUFA:  Summary judgment was denied in one

21 case.  There's no summary judgment in another.  It is a lot

22 of opportunity, at least high (indiscernible) potential.  I

23 understand I am pro se.  I understand it, and this is

24 deficiency of mine, but I cannot hire (indiscernible)

25 attorney.  It is not because I don't want.  I cannot.  So it

13

1 is last chance to protect my patent and (indiscernible) from

2 my ownership, they would like to ask Court to appoint a

3 receiver at a time that I don't -- I believe that per your

4 order, your Honor, (indiscernible)

5      My point, your Honor, is that it is at least

6 (indiscernible) if it will be decision in the favor of the

7 TSI, I will be deprived from all litigations which are in

8 progress (indiscernible) I believe, your Honor, that it is

9 anyway premature but it is (indiscernible) you, your Honor.

10 I will obey your order, but I believe they just would like to

11 have my ownership off of me.  (Indiscernible.)  If they

12 infringe, I will not use them because (indiscernible) in the

13 United States who does this further, and it is only

14 (indiscernible) because other U.S. companies have not

15 infringed the patents.  So if they infringe, I may sue them,

16 but if they will not infringe, I will never sue them because

17 it is really bad for me.  I cannot do it.  I did every single

18 one.  I prepared everything.  I patent everything.  I -- I

19 (indiscernible).

20           THE COURT:  Okay.

21           DR. YUFA:  In the other case -- in the other case

22 too -- there's four patents, your Honor, four patents except

23 this case which was one patent in your case, your Honor.

24 (Indiscernible) the four patents I have evidence that it is

25 infringement, but (indiscernible) decide that it is no

14

1  infringement, so I respect their decision, but I disagree

2  with their decision.  It is why I argue.  It is very hard for

3  me to agree even -- even I do everything by myself.  I

4  (indiscernible) any private information privilege.  It is

5  really hard for me even as well their appeal fees and

6  (indiscernible) so I do (indiscernible) because I -- I

7  (indiscernible).

8          THE COURT:  Okay.  Doctor Yufa, I understand your

9  position.  I've always understood your position.  You did not

10  prevail, and now there is a judgment against you that TSI has

11  the right to enforce.

12          DR. YUFA:  I understand that, your Honor, but --

13          THE COURT:  And the fact --

14          DR. YUFA:  -- I can (indiscernible...)

15          THE COURT:  Well, Doctor, you've -- the summary

16  judgment motion in the other case was denied only because it

17  was premature, not -- it was not denied on the merits.  So

18  that doesn't necessarily mean --

19          DR. YUFA:  (Indiscernible) I understood.  I

20  apologize for my English, but it is still (indiscernible)  --

21  the Court in order to get me out of my ownership of the

22  patents.  It is not -- because the same (indiscernible) the

23  same (indiscernible) --

24          THE COURT:  How do you propose to pay the amount

25  that you owe?

15

1          DR. YUFA:  (Indiscernible).  They may take
2   whatever they would like to take from me.  It is -- it is --
3   order, and I respect this order.  Even I disagree, I respect
4   and I will pay.  It is my --
5          THE COURT:  Right.  You don't have a choice.
6          DR. YUFA:  But it is not (indiscernible) right now
7   when all case is in progress and (indiscernible).  So let's
8   -- we finish our case -- finish this case and the proceedings
9   that I -- not proceedings, the related case -- cases.  It is
10  (indiscernible) --
11         THE COURT:  Not really.  That doesn't mean
12  anything if it wasn't on the merits.
13         DR. YUFA:   -- (indiscernible), your Honor.
14         THE COURT:  Right, but you didn't really answer my
15  question about how you intended to pay the judgment that TSI
16  is entitled to, and they do have access to the kind of, you
17  know, remedies that they're seeking, which is to have a
18  receiver -- I mean, it's possible they -- for them to be
19  entitled to have a receiver appointed and to have your
20  patents assigned to satisfy the judgment.  If, you know,
21  they've exhausted every other possibility for collecting the
22  judgment and truly that's all you -- the only assets that you
23  have and your only income really is just SSI, what else do
24  they have to look towards?
25         DR. YUFA:  Your Honor, I (indiscernible) to pay

1 this tomorrow if ordered by court.  I must pay.  I must.

2            THE COURT:  Yes, you must.

3            DR. YUFA:  I believe that in that case

4 (indiscernible) and in the final stage and in the ideal case

5 they should wait until the cases --

6            THE COURT:  How many -- how many cases are there

7 that you want them to wait for?

8            DR. YUFA:  Well, it is -- now it is -- I believe

9 it is about six cases.  It is about (indiscernible)

10 infringement of four patents.  (Indiscernible) -- because I

11 have potential to win those cases and pay the money and

12 (indiscernible) --

13            THE COURT:  Okay.  So you're arguing that

14 appointing a receiver and assigning the patents to a receiver

15 at this time is premature because you still have these other

16 six cases pending in various stages, including some on

17 appeal?

18            DR. YUFA:  Correct, your Honor, and it is in your

19 order number 214.  So it is nothing new for them.  They just

20 do (indiscernible) just to take ownership from me

21 (indiscernible) but it is (indiscernible).  So I -- I believe

22 it is really premature, your Honor.

23            THE COURT:  Okay.  So, Mr. Merrill, what do you

24 think -- what's your response, if anything, to Doctor Yufa's

25 position that it's premature because he believes that there's

17

1 some value in his other lawsuits that he has that are

2 currently pending in various stages?  What do you -- what's

3 your response to that?

4          MR. MERRILL:  So let's just kind of quickly go

5 over what he has left and pending.

6          THE COURT:  Okay.

7          MR. MERRILL:  There is -- starting from the --

8 what's the -- what we call the Central District of California

9 case --

10          THE COURT:  Uh-huh.

11          MR. MERRILL:  -- Doctor Yufa sued TSI in the

12 Central District of California, and in 2014, the Central

13 District of California, Judge Olguin, granted summary

14 judgment of non-infringement to TSI on four additional

15 patents --

16          THE COURT:  Okay.

17          MR. MERRILL:  -- than the patents at issue on this

18 case.  That case is -- TSI made a motion for attorneys' fees

19 in that case as well.

20          THE COURT:  Okay.

21          MR. MERRILL:  We made that motion in October.  It

22 was to be heard in November of 2014, and instead of -- and

23 Judge Olguin said "I will not have a hearing.  I will take it

24 under advisement, issue an order."  That was in November of

25 2014.  So we're waiting for an order on that motion.

1          THE COURT:  Oh, so you still don't have an order.

2 Okay.

3          MR. MERRILL:  We don't have an order.  And then --

4 and then Doctor Yufa filed a notice of appeal.  The Federal

5 Circuit then issued an order saying the appeal is stayed

6 pending the outcome of the District Court's order on the

7 motion.

8          THE COURT:  Okay.

9          MR. MERRILL:  So it could take sometime.

10          THE COURT:  Okay.

11          MR. MERRILL:  It could take sometime.  Why does it

12 not matter?  It doesn't matter, our position is, is because

13 what will eventually come is we believe additional liability

14 to TSI from Doctor Yufa, and we don't see any grounds for

15 success on that appeal than the appeal that was already at

16 the Federal Circuit in the TSI Northern District case as well

17 as the Lockheed Martin case.  All of these patents are very

18 similar.  They have claims that are similar, and the outcome

19 among all the different cases has been the same, summary

20 judgment on non-infringement.  So that's -- that's the

21 Central District case.

22      Then you have another -- well, let me -- I think your

23 Honor's aware of Yufa's case against Lockheed Martin --

24          THE COURT:  Right.

25          MR. MERRILL:  -- in the Central District.

19

1          THE COURT:  That's a --

2          MR. MERRILL:  Summary judgment was granted.

3          THE COURT:  Okay.

4          MR. MERRILL:  Summary -- and that order was

5  affirmed by the Federal Circuit.

6          THE COURT:  Okay.  I'm just making notes here.

7  Hold on the --

8          MR. MERRILL:  Sure.

9          THE COURT:  So that one was granted and

10 affirmed --

11         MR. MERRILL:  Affirmed on appeal.

12         THE COURT:  -- by the --

13         MR. MERRILL:  Petition -- a petition for

14 certiorari to the Supreme Court was denied.

15         THE COURT:  Okay.  Just like in this case.  Right.

16         MR. MERRILL:  Just like in this case.  So the

17 Lockheed Martin case is completely finished.

18         THE COURT:  Okay.  And then --

19         MR. MERRILL:  And there is also a Yufa versus Hawk

20 Analytics case that Yufa filed in the District of Oregon.

21         THE COURT:  Okay.

22         MR. MERRILL:  The District of Oregon granted

23 summary judgment --

24         THE COURT:  Okay.

25         MR. MERRILL:  -- of non-infringement.

1          THE COURT:  Okay.

2          MR. MERRILL:  And the basis for that grant of

3 summary judgment of non-infringement was that the same

4 products used by Hawk --

5          THE COURT:  Uh-huh.

6          MR. MERRILL:  -- are the same products that were

7 found to not to be infringing in the Lockheed Martin case.

8          THE COURT:  Oh.

9          MR. MERRILL:  So it's a collateral estoppel type

10 ruling.  Doctor Yufa has now appealed the Hawk case to the

11 Federal Circuit.

12          THE COURT:  So that's --

13          MR. MERRILL:  Even if the Federal --

14          THE COURT:  That appeal is pending?

15          MR. MERRILL:  That appeal is pending, your Honor.

16          THE COURT:  Okay.

17          MR. MERRILL:  And, again, we don't think the

18 outcome is going to be any different on that appeal given

19 that the Federal Circuit has already determined that Lockheed

20 Martin's products do not infringe and affirmed appeal.  I

21 don't -- I'm not sure how Mr. -- Doctor Yufa's going to have

22 success on the Hawk case.

23          THE COURT:  Okay.

24          MR. MERRILL:  So that's the Central District, the

25 Hawk case, and then Lockheed Martin that we discussed.

21

1           THE COURT:  Right.

2           MR. MERRILL:  And then he has, as I understand it,

3  five other cases.

4           THE COURT:  Uh-huh.

5           MR. MERRILL:  All of which -- everything I'm

6  telling you has been kind of laid out in our brief, what case

7  numbers and dates and --

8           THE COURT:  Right.  Right.

9           MR. MERRILL:  And all of those other cases, the

10  five other cases have been stayed pending the -- stayed by

11  the District Courts pending the outcome of the Central

12  District case for TSI, the Hawk case appeal, and the Lockheed

13  Martin appeal.  And --

14           THE COURT:  Okay.

15           MR. MERRILL:  And what I -- what I -- in addition

16  to what I'm telling you about those cases being stayed, I

17  also read in Doctor Yufa's response brief that one or two of

18  those cases that were stayed have been voluntarily dismissed.

19           THE COURT:  Oh, okay.

20           MR. MERRILL:  And I'm not quite sure about that.

21           THE COURT:  Right.

22           MR. MERRILL:  Sort of my exhaustive review of the

23  cases.  So the -- the cases that have been stayed that he's

24  talking about pending and he says in his papers, you know, he

25  expects to get substantial damages awards, well, we think

1 that the outcome of those cases has really been by agreement

2 tethered to the outcome of the -- the other cases --

3             THE COURT:  Right.

4             MR. MERRILL:  -- that are on appeal.  So, as we

5 say in our briefing, we think what really is going to happen

6 is that Doctor Yufa's going to incur more liability to

7 himself --

8             THE COURT:  Right.

9             MR. MERRILL:  -- to potentially other Defendants,

10 and that's going to increase the likelihood that TSI doesn't

11 get paid on this judgment.

12             THE COURT:  Uh-huh.

13             MR. MERRILL:  Which brings us back to the point

14 of, well, why now and why is it premature.  We don't think

15 it's premature because we think he's going to incur more

16 liability by bringing additional cases and incurring appeals

17 that we don't think have strong foundation.

18             THE COURT:  Uh-huh.

19             DR. YUFA:  Your Honor, can I add something --

20 correct something?

21             THE COURT:  Okay.

22             DR. YUFA:  Your Honor, first of all, I believe

23 some information little bit incorrect.  I have more correct

24 information.  First for the case (indiscernible) --

25             THE COURT:  Right.

1          DR. YUFA:  (Indiscernible) -- case.  It is

2 incorrect information.  (Indiscernible) --

3          THE COURT:  Okay.  Doctor Yufa, I've heard you.

4 You've repeated yourself a number of times.  So I get your

5 points.  It's just really unfortunate because I think that

6 the path that you're going down is only going to create more

7 liability against you because you're continuing to insist on

8 infringement where there's no infringement in multiple cases,

9 and the Defendants are going to or may well continue to seek

10 attorneys' fees because you insist on continuing to litigate

11 these issues over and over again.  And, unfortunately, the

12 likelihood of you getting more judgments against you for

13 attorneys' fees --

14          DR. YUFA:  Your Honor --

15          THE COURT:  I'm talking.  Doctor Yufa, I did not

16 interrupt you when you were talking.  So --

17          DR. YUFA:  I apologize, your Honor.

18          THE COURT:  -- do not interrupt me.  So I'm saying

19 that this is just what I'm seeing here as the writing on the

20 wall based on, you know, sort of what has taken place so far

21 and what seems to be going on in these other cases, and the

22 -- the fact of the matter is that TSI has a judgment, and

23 they're entitled to enforce it.  My job at this point is to

24 figure out what the best thing is to do to allow them to

25 enforce that judgment.

24

1    I do not have to deny them their right to enforce the

2 judgment because you believe that you have cases out there

3 that have potential.  That's not how it works, but what I do

4 have to decide is whether or not appointing a receiver at

5 this point, at this time is the right thing to do, and so

6 that's really the question.

7    Then the other question that I have for you, Doctor

8 Yufa, is have you ever licensed any of your patents or

9 inventions?

10       DR. YUFA:  Your Honor, I had (indiscernible) the

11 license, but it was not licensed because their offer was a

12 little bit not realistic.  But (indiscernible) and it is

13 just --

14       THE COURT:  So you've had unrealistic offers?  Is

15 that what you're saying?

16       DR. YUFA:  (Indiscernible) realistic offers, but

17 -- but what is (indiscernible) because it is under appeal

18 under your first order, the same cases, not some strange --

19 not some --

20       THE COURT:  Don't -- don't talk to me about that,

21 Doctor Yufa.  I don't want to talk about those things we

22 already discussed.  I'm only asking you about, you know,

23 whether or not anybody's ever licensed any of your patents or

24 inventions, and what you're telling me is that you've gotten

25 offers that you've found to be unrealistic.  So I take it

1 that that means you declined those offers, is that right?

2          DR. YUFA:  It is (indiscernible) but you are

3 right, your Honor.  It is not licensed yet (indiscernible).

4 So none of the patents is not licensed, but they mostly in

5 (indiscernible).  So I cannot license because I sue them for

6 infringement.

7          THE COURT:  Okay.  So there are no current

8 licenses and no previous licenses?

9          DR. YUFA:  It is correct, your Honor.

10          THE COURT:  Okay.  Now, do you own your home that

11 you live in?

12          DR. YUFA:  Your Honor, without waiving any private

13 information, no, I don't have a home.

14          THE COURT:  Okay.

15          DR. YUFA:  I rent the home, and, your Honor, I

16 would like to tell you that I don't have to provide any

17 private information privileged waiving.  I spent everything

18 from my patents to prepare them to offer for license

19 (indiscernible) because it is (indiscernible) from 2003, and

20 it was for patent reexamination which I won.  So it was not a

21 period of time (indiscernible) unfortunately I put everything

22 on these patents, and unfortunately I did not get yet

23 anything right now.

24          THE COURT:  Okay.  Mr. Merrill, what do you think

25 about the idea of either appointing a receiver to license the

26

1 patents or, you know, assigning payments?

2          MR. MERRILL:  Uh --

3          THE COURT:  As opposed to just outright, you know,

4 assignment for the purposes of sale?

5          MR. MERRILL:  Well, I mean, obviously we would be

6 interested in any means that would allow us, TSI to get its

7 judgment satisfied.

8          THE COURT:  Uh-huh.

9          MR. MERRILL:  We have doubt that anyone will take

10 a license to his patents.  The only -- my understanding of

11 the only licenses, if you will, on quotes, would be a

12 defendant like TSI going to Doctor Yufa and saying "We don't

13 want to spend half a million dollars fighting with you in

14 Federal Court with expensive lawyers.  We'll give you, you

15 know, 15, 20, whatever the number is, as a settlement."  So

16 that's --

17          THE COURT:  Right.

18          MR. MERRILL:  -- the only source of licensing

19 money that would come, and that's -- you know, the courts are

20 pretty clear that that's not a real license for determining

21 value.  So I don't know that there's going to be any way to

22 get money out of the patents other than the sale route that

23 we've proposed.

24          THE COURT:  Uh-huh.

25          MR. MERRILL:  Again, the real value of these

27

1 patents is taking them out of Doctor Yufa's hands and

2 preventing him from suing the same people that he's sued

3 already.

4        THE COURT:  Right.  And I understand that.  And

5 since the goal really is to prevent further lawsuits on the

6 -- based on these patents, I'm wondering if the parties might

7 be amenable to settlement negotiations.  Given that you have

8 this judgment against him, perhaps you could negotiate

9 something in that regard in exchange for, you know, an

10 agreement for him -- that he would not sue in the future.

11        MR. MERRILL:  We're certainly open to talking to

12 Doctor Yufa.  We've talked before, as you can imagine, over

13 the course of the years of the case.  It hasn't led to a

14 successful result, and I don't mean this as anything

15 disparaging to Doctor Yufa, but it -- what we would

16 characterize as unreasonable expectations.

17        THE COURT:  Right.

18        MR. MERRILL:  As you can imagine, we would have

19 gladly paid him money to go away in the past, and as you can

20 imagine, without rehearing the substance of those

21 conversations, he wanted --

22        THE COURT:  But now he's in a different --

23        MR. MERRILL:  -- much --

24        THE COURT:  Now he's in a different position.

25 He's now lost this case and has lost a couple of other cases

1 that have been affirmed by the federal circuit, or at least

2 one that you mentioned anyway.  And now there's this judgment

3 that you have, and I think I've explained to him that you

4 have a right to enforce that judgment and I'm just wondering

5 if maybe that changes his willingness to try to work out some

6 sort of an agreement since I think that Doctor Yufa now

7 understands that what you're trying to do is ultimately just

8 prevent further litigation.

9          DR. YUFA:  (Indiscernible.)  I understand my

10 position very well, your Honor.

11          THE COURT:  Okay.  And do you, Doctor Yufa, think

12 that you will be interested in trying to negotiate some sort

13 of agreement with TSI that would be somewhat like you

14 agreeing to some terms that would include, I don't know,

15 perhaps that you can negotiate on the amount of the judgment

16 that you owe and, in exchange for your agreement not to sue

17 them anymore for any of your patents, or are you -- I want to

18 know if you're even open to that or, you know, if you're

19 thinking --

20          DR. YUFA:  Your Honor, I may negotiate that I will

21 not sue them again, you know, for other of my patents, and we

22 can license their patents for them because they are scared

23 that I will sue them, but I (indiscernible) it is bad.  It

24 gives them a possibility to infringe and (indiscernible) --

25 and I agree to license them, and I agree not to sue them with

1  (indiscernible) your Honor, I -- (indiscernible).

2           THE COURT:  Okay.  All right.

3      Also, I just kind of wanted to kind of let you know,

4  Doctor Yufa, just in case things continue to get worse, in

5  terms of you owing money to the Defendants in this case and

6  in other cases, if you do file for bankruptcy or something

7  like that, that's not going to solve your problem, with

8  respect to selling your patents, because they could be sold

9  through the bankruptcy process; are you aware of that?

10          MR. YUFA:  Yes, your Honor.

11          THE COURT:  Okay.

12          MR. YUFA:  As I mentioned (indiscernible) judgment

13 (indiscernible) decided all cases which are in progress,

14 which are under litigation.  So I (indiscernible).

15          THE COURT:  Well you don't have to promise me

16 anything, I just wanted to make sure that you -- that you

17 understood that you're still facing the possible sale of your

18 patents, whether it's at this point or at some later point,

19 if you did choose to file for bankruptcy.  I'm not telling

20 you that you can't file, and I don't need you to promise me

21 that you're not going to, I just wanted to make sure you're

22 informed.

23          MR. YUFA:  Thank you, your Honor.  I won't and I

24 will not (indiscernible) finish all cases we have in

25 progress.  We are making progress, I will not do anything to

30

1 (indiscernible) bankruptcy, because I will try to satisfy

2 your judgment, your Honor.

3          THE COURT:  Okay.  So, Mr. Merrill, is there

4 anything further that you want to add before we conclude

5 today?

6          MR. MERRILL:  You know, the only thing I would add

7 is that while we continue -- TSI -- eventually the central

8 district will issue an order on the underlying motion, and

9 eventually I suspect Doctor Yufa will appeal.  So part of the

10 problem if we -- TSI views and part of the reason I'm

11 bringing the motion is, even today this is going to continue

12 to cost us money.  So yes, we're open to talking to Doctor

13 Yufa.

14          THE COURT:  Right.

15          MR. MERRILL:  That conversation -- TSI really

16 wants some finality here to end its dispute with Doctor Yufa

17 and never have to incur money on it again.

18          THE COURT:  Right.  And so that's what I was

19 thinking of.  It might at least be worthwhile to see if you

20 could negotiate something like that with Doctor Yufa.  I know

21 you don't feel optimistic about it, based on past

22 negotiations, but like I said, the case is in sort of a

23 different posture now and Doctor Yufa is in a different

24 position.  So I'm just wondering if that might be something

25 that you could explore, at least preliminarily.

31

1          MR. MERRILL:  Sure.

2          THE COURT:  And then maybe --

3          MR. MERRILL:  Certainly willing to do so.

4          THE COURT:  -- get other more extreme forms of

5   relief to enforce the judgment after making that effort.  So

6   sounds like you're open to that idea.

7          MR. MERRILL:  Yeah.  I mean, obviously, subject to

8   what exactly the terms are, but we're certainly open to

9   having those conversations, and if we can get to -- if we can

10  get to where we want to be, which is ending our dispute --

11         THE COURT:  Right.

12         MR. MERRILL:  -- totally and finally, even into

13  the future, with Doctor Yufa --

14         THE COURT:  Right.

15         MR. MERRILL:  -- and I believe -- I think we may

16  have even put that proposal to Doctor Yufa after your order

17  was issued awarding the fees.

18         THE COURT:  Oh, you did?

19         MR. MERRILL:  I -- I -- and, you know, my memory

20  gets a little foggy, but I believe before we brought this

21  motion we made that offer to Doctor Yufa saying give up your

22  appeal in the Central District case, give us a covenant not

23  to sue to the future, saying you'll never sue us again on any

24  of your patents --

25         THE COURT:  Uh-huh.

1          MR. MERRILL:  -- and give up your appeal I think
2  to the Federal Circuit of your Honor's order in this Northern
3  District case, and we'll, you know, release you from the
4  judgment that was just entered against you, and I believe
5  that Doctor Yufa rejected that.  TSI then spent additional
6  money briefing the Federal Circuit appeal which was affirmed,
7  and we still -- like I said, we have to brief the appeal on
8  the Central District case.
9          THE COURT:  Right, and that's going to take up a
10 lot of time and money for you to do that as well.  Yeah.
11         MR. MERRILL:  I mean, TSI is a large enough
12 company that they can't -- you know, they're going to want to
13 hire competent counsel to do the appeal, and it costs money.
14         THE COURT:  Yeah.  I understand.  And since that
15 last offer that you made to him, the Federal Circuit affirmed
16 my order, and I don't know if that might help, because now
17 the fees owed and the judgment are final and they are due to
18 be paid.
19         MR. MERRILL:  Sure.
20         THE COURT:  So he's going to have to satisfy that
21 judgment one way or another.  So I'm just thinking if he's --
22 it might be worthwhile to try, and then if it doesn't work,
23 then I'll have to make a decision about what to allow you to
24 do.
25         MR. MERRILL:  Understood.

33

1          THE COURT:  Okay.  All right.  So thank you both

2  very much.  I will issue an order fairly shortly on this

3  motion.  Okay.

4          DR. YUFA:  Thank you, your Honor.

5          MR. MERRILL:  Thank you very much, your Honor.

6          DR. YUFA:  And, again, I apologize for

7  interrupting you.  It is just (indiscernible).  I really

8  apologize.

9          THE COURT:  I understand.

10          DR. YUFA:  (Indiscernible) greatly apologize, your

11  Honor.

12          THE COURT:  I understand, Doctor Yufa.  Thank you.

13          MR. MERRILL:  Okay.  Bye bye.

14          DR. YUFA:  Thank you.

15      (Proceedings concluded at 12:03 p.m.)

16

17

18

19

20

21

22

23

24

25

34

<u>CERTIFICATE OF TRANSCRIBER</u>

1

2      I certify that the foregoing is a true and correct

3 transcript, to the best of my ability, of the above pages of

4 the official electronic sound recording provided to me by the

5 U.S. District Court, Northern District of California, of the

6 proceedings taken on the date and time previously stated in

7 the above matter.

8      I further certify that I am neither counsel for,

9 related to, nor employed by any of the parties to the action

10 in which this hearing was taken; and, further, that I am not

11 financially nor otherwise interested in the outcome of the

12 action.

13

14

15      Echo Reporting, Inc., Transcriber

16           Thursday, July 30, 2015

17

18

19

20

21

22

23

24

25