UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>    v.<br><br>TSI INCORPORATED,<br><br>    Defendant. | Case No. 09-cv-01315-KAW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S RENEWED MOTION TO APPOINT RECEIVER AND COMPEL ASSIGNMENT OF PATENTS TO RECEIVER**<br><br>Re: Dkt. No. 218 |

On May 11, 2015, Defendant TSI Incorporated renewed its motion to appoint a receiver and compel the assignment of Plaintiff Dr. Aleksandr L. Yufa's patents to the receiver to satisfy the judgment entered against Dr. Yufa. (Def.'s Renewed Mot., Dkt. No. 218.)

On June 18, 2015, the Court held a hearing, and after careful consideration of the parties' arguments, for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART Defendant's renewed motion to appoint a receiver and compel assignment.

## I. BACKGROUND

Plaintiff Dr. Aleksandr L. Yufa is an inventor, who has applied for and acquired five separate U.S. patents. Filed on January 29, 1998, and entitled "Methods and Wireless Communicating Particle Counting and Measuring Apparatus," U.S. Patent No. 6,346,983 ("the '983 Patent"), which is at the center of this lawsuit, concerns the methods and devices for determining the existence, size, and quantity of airborne particles by utilizing a light beam. '983 Patent col. 1 l.5-10. As originally issued, the '983 Patent contained eight claims in total.

Plaintiff filed this action on March 25, 2009, alleging that Defendant's predecessor-in-interest, Adams Instruments, infringed on Plaintiff's '983 Patent by manufacturing and selling

wireless communication products believed to be utilizing technologies covered by the '983 Patent. (Original Compl., Dkt. No. 1 at 4; First Am. Compl., "FAC," Dkt. No. 91 ¶ 16.)

The case was stayed pending the reexamination of the '983 Patent by the U.S. Patent and Trademark Office (PTO). (Dkt. No. 37.) Ultimately, only claims 6-8 survived the PTO's reexamination process with amendment. One such amendment was the addition of the words "without using a reference voltage" in claim 6. ('983 Patent Reexamination Certificate col. 2 l. 1-2 (issued Aug. 14, 2012).

On May 21, 2015, the Court granted Defendant's motion for summary judgment. (Dkt. No. 176.) On May 22, 2014, judgment was entered against Plaintiff. (Dkt. No. 177.)

On June 5, 2014, TSI filed a motion for attorneys' fees and non-taxable costs, which was granted. (Dkt. Nos. 178 & 198.) On June 23, 2014, the Clerk of Court taxed costs in the amount of $7,319.08 in favor of TSI against Plaintiff Aleksandr L. Yufa. (Dkt. No. 185.) On September 3, 2014, the Court entered a separate judgment in favor of TSI and against Dr. Yufa for attorneys' fees in the amount of $154,702.75, and non-taxable costs in the amount of $4,343.05. (Dkt. No. 205.) Including taxable costs, the total judgment against Dr. Yufa is $166,364.88.

On December 8, 2014, TSI filed a motion to appoint a receiver and to compel the assignment of Plaintiff's patents to the receiver to satisfy Defendant's judgment. (Def.'s Initial Mot., Dkt No. 206.) The Court denied Defendant's motion without prejudice pending the outcome of the appeal in this matter. (Dkt. No. 213.) On January 26, 2015, the United States Court of Appeal for the Federal Circuit affirmed the Court's order granting summary judgment. (Dkt. No. 215.) On April 20, 2015, the United States Supreme Court denied Dr. Yufa's petition for a writ of certiorari.

On May 11, 2015, TSI renewed its motion to appoint a receiver and compel assignment. (Def.'s Renewed Mot., Dkt. No. 218.) As of the filing of the motion, Dr. Yufa had made 11 payments, totaling $209.00, toward the satisfaction of the judgment. (3rd Suppl. Decl. of Courtland Merrill, "3rd Merrill Decl.," Dkt. No. 218-1 ¶ 3; see Pl.'s Opp'n at 7.)

On May 18, 2015, Dr. Yufa filed an opposition. (Pl.'s Opp'n, Dkt. No. 219.) On June 4, 2015, TSI filed its reply. (Def.'s Reply, Dkt. No. 220.) On June 8, 2015, Dr. Yufa filed objections

1  to TSI's reply. (Dkt. No. 221.) Since Dr. Yufa filed his objections without leave of court, the filing
2  is stricken.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 69(a) provides that a money judgment obtained in federal court is enforced by a writ of execution and the procedure on execution must generally accord with the procedure of the state where the court is located, but federal statutes govern to the extent they apply. Under Federal Rule of Civil Procedure 66, a receiver may be appointed by the court. Rule 66 does not provide the specifics for appointing a receiver to assign and sell patents in satisfaction of a money judgment. *See Office Depot Inc. v. Zuccarini*, 596 F.3d 696, 701 (9th Cir. 2010). Since no federal statute applies to the appointment of a receiver, Rule 69(a) dictates that state law be followed. *See In re Levander*, 180 F.3d 1114, 1121 (9th Cir. 1999) (Rule 69(a) allows judgment-creditors to use state law to collect on their debts).

California Code of Civil Procedure § 708.610 provides that the provisions of Chapter 5, commencing with Code of Civil Procedure § 564, governs the appointment, qualifications, powers, rights and duties of a receiver. *Wells Fargo Fin. Leasing, Inc. v. D & M Cabinets, et al.*, 177 Cal. App. 4th 59, 70 (2009). Section 564(b)(3) provides that a receiver may be appointed by the court after judgment, to carry the judgment into effect. The receiver has, under the control of the court, the power to take and keep possession of the property, to make transfers, and generally to do such acts respecting the property as the court may authorize. Cal. Civ. Proc. Code § 568. "A receiver may, pursuant to an order of the court, sell real or personal property in the receiver's possession upon the notice and in the manner prescribed by Article 6 (commencing with Section 701.510) of Chapter 3 of Division 2 of Title 9." Cal. Civ. Proc. Code § 568.5.  The sale is not final until confirmed by the court. *Id.*  Section 701.810 provides for the order of distribution of the proceeds of sale.

California Code of Civil Procedure § 708.620 provides:

> The court may appoint a receiver to enforce the judgment where the judgment creditor shows that, considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment.

3

United States District Court
Northern District of California

Cal. Civ. Proc. Code § 708.620. Under Section 708.620, a receiver may be appointed where a writ of execution would not reach certain property and other remedies appear inadequate. Comment to Cal. Civ. Proc. Code § 708.620. A patent owner may be compelled to assign all of his rights in a patent to an appointed receiver to dispose of it in satisfaction of a judgment. *Finnegan v. Finnegan*, 64 Cal. App. 2d 109, 112-13 (1944); *Peterson v. Sheriff of City & Cnty. of San Francisco*, 115 Cal. 211, 213 (1896)(writs of execution do not reach patents); *Ager v. Murray*, 105 U.S. 126, 131 (1881)(patents are subject to assignment).

### III.  DISCUSSION

TSI's renewed motion seeks to appoint a receiver and compel the assignment of Plaintiff's U.S. Patent Nos. 7,573,573; 7,439,855; 6,346,983; 6,034,769; 5,969,665; 5,946,091; and 5,767,967 to a receiver in order to satisfy the $166,364.88 judgment entered in this case. (Def.'s Renewed Mot. at 1.)

#### A. Appointment of a Receiver

In its motion, TSI requests that the seven patents be assigned to a receiver to be sold in order to satisfy the judgment entered. A judgment creditor of a patentee can request that a patent be sold to satisfy a judgment, and compel the patentee to assign the patent to a receiver. *Peterson,* 115 Cal. at 213. TSI requests that Greyhound IP LLC be appointed as the receiver. (Def.'s Initial Mot. at 8.) Greyhound IP is a San Francisco, California-based company that specializes in the monetization of intellectual property portfolios. *Id.* TSI has shown that, "considering the interests of both the judgment creditor and the judgment debtor, the appointment of a receiver is a reasonable method to obtain the fair and orderly satisfaction of the judgment." Cal. Civ. Proc. Code § 708.620; *see also Office Depot, Inc. v. Zuccarini*, 621 F. Supp. 2d 773, 778 (N.D. Cal. 2007) *aff'd*, 596 F.3d 696 (9th Cir. 2010). Accordingly, the motion to appoint a receiver is granted.

#### B. Assignment of Patents

Furthermore, the Court finds that the patents may be properly assigned to the appointed receiver for the purposes of satisfying the judgment. *See* discussion *supra* Part III.A.

Notwithstanding, while there is no dispute that Dr. Yufa has no other financial means to

4

satisfy the judgment at this time, TSI has presented no evidence regarding the market value of Dr. Yufa's patents. Dr. Yufa claims that his patents have considerable value should he prevail in his other patent infringement cases, which would more than satisfy the judgment against him. (Pl.'s Opp'n at 8-9.) In its reply, TSI contends that Dr. Yufa's infringement claims in those other cases have no value. (Def.'s Reply at 4.) At the hearing, TSI argued that the only perceived value was in preventing future litigation. While perhaps true, TSI's contentions are conclusory and, without additional information regarding the value of the patents, and the Court denies without prejudice TSI's motion for an assignment of the subject patents. *See Sleepy Hollow Inv. Co. No. 2 v. Prototek, Inc.*, No. C 03-4792 MMC-MEJ, 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006) modified on reconsideration, No. C03-4792 MMC-MEJ, 2007 WL 2701318 (N.D. Cal. Sept. 13, 2007). The Court will entertain a second motion for assignment once the proposed receiver conducts a proper valuation of each patent, both individually and in the aggregate. A future motion for assignment should be accompanied by a declaration from the receiver setting forth the value of each patent and a plan for selling the patents.

## IV.   CONCLUSION

In light of the foregoing, TSI's renewed motion to appoint a receiver and to compel the assignment of Plaintiff Dr. Aleksandr L. Yufa's patents to satisfy its monetary judgment is GRANTED IN PART AND DENIED IN PART. Specifically, Greyhound IP LLC is appointed as the receiver, but, as set forth above, the Court declines to assign the patents until it is provided with a valuation. Once that occurs, TSI may file a second motion to compel the assignment of the patents.

IT IS SO ORDERED.

Dated: February 18, 2016

KANDIS A. WESTMORE
United States Magistrate Judge