UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEKSANDR L. YUFA,<br><br>    Plaintiff,<br><br>v.<br><br>TSI INCORPORATED,<br><br>    Defendant. | Case No. 4:09-cv-01315-KAW<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION; ORDER GRANTING DEFENDANT'S MOTION TO APPROVE INSTRUCTIONS FOR ADMINISTRATION OF RECEIVER; ORDER DENYING PLAINTIFF'S MOTION TO EXPEDITE AS MOOT**<br><br>Re: Dkt. Nos. 253, 255, 261 |

## EX PARTE APPLICATION

On March 9, 2017, Plaintiff Aleksandr L. Yufa filed an ex parte application requesting an order directing Defendant TSI Incorporated to file its forthcoming motion to compel the assignment of patents to the appointed receiver by a certain deadline. (Dkt. No. 253.) TSI opposed the ex parte application on the grounds that "Dr. Yufa has no right to dictate when or how the judgment against him must be satisfied." (Dkt. No. 254 at 2.) Indeed, judgment creditors have 10 years after the entry of judgment to enforce the judgment. Cal. Civ. Proc. Code § 683.020. There is no requirement that the judgment creditor act as quickly as possible. Accordingly, Plaintiff's ex parte application is DENIED.

## DEFENDANT'S MOTION TO APPROVE INSTRUCTIONS FOR ADMINISTRATION OF RECEIVER

On March 23, 2017, TSI filed a motion to approve the instructions for the administration of the court-appointed receiver Greyhound IP LLC ("Greyhound"). (Dkt. No. 256.) TSI requests that Greyhound be required to provide only one report, a final declaration or report, with the Court at the conclusion of its valuation. *Id.* at 2. Additionally, TSI requests that the Court order that

1   Greyhound is entitled to be paid directly by TSI, without prior Court approval, at the rate of

2   $400.00 per hour, and that any sums paid by TSI shall be added to the judgment after Greyhound

3   has provided its final valuation of each patent. *Id.* at 2-3.

4   Dr. Yufa opposed this motion on the grounds that he did not believe that it was fair that the

5   receiver's fee be added to the judgment. (Dkt. No. 258.) Under California law, the receiver is

6   allowed to recover "the cost of the undertaking." Cal. Civ. Proc. Code § 567(b). Here, TSI has

7   negotiated that Greyhound's maximum cost is limited to $40,000.00, which includes the valuation

8   and, if approved by the Court, the marketing and sale of the Receivership Property. (Def.'s Reply,

9   Dkt. No. 259; Decl. of Courtland Merrill, Dkt. No. 260 ¶ 3, Ex. A.) TSI's request to pay

10  Greyhound upfront was to assuage Greyhound's concern that it would not receive payment should

11  the judgment not be paid in full. (*See* Def.'s Reply at 2.) The Court finds that this concern is

12  legitimate given the uncertainty of the value of the patents and Dr. Yufa's limited means to

13  otherwise satisfy the judgment.

14  In light of the foregoing, TSI's motion is GRANTED, and IT IS ORDERED that:

15  1. Greyhound, or its acquirer, Houlihan Lokey, with offices at One Sansome Street, Suite

16  1700, San Francisco, CA 94104 shall swear to perform the duties of receiver faithfully pursuant to

17  California Code of Civil Procedure § 567.

18  2. Greyhound shall have all of the powers and authority usually held by receivers and

19  reasonably necessary to value the Receivership Property unless otherwise stated, without further

20  order of the Court.

21  3. Greyhound shall have the right to apply to this Court for further instructions or

22  directions.

23  4. Greyhound shall be entitled to be paid without prior Court approval, at the rate of

24  $400.00 per hour, not to exceed $40,000.00. Greyhound's compensation for valuing the

25  Receivership Property shall be paid directly by the Defendant. Upon approval of the Court, any

26  sums paid by Defendant to Greyhound shall be added to the judgment after Greyhound has

27  provided its final declaration or report to the Court regarding the value of the Receivership

28  Property.

5. Plaintiff, as well as his agents or representatives, shall cooperate with all requests of Greyhound and are enjoined from interfering with Greyhound's performance of its duties hereunder.

6. Greyhound shall faithfully perform and discharge its duties and obey the Court's orders.

In light of the foregoing, Plaintiff's request to expedite the decision on these motions (Dkt. No. 261) is denied as moot.

Dated: June 22, 2017

KANDIS A. WESTMORE
United States Magistrate Judge