1  Brian Irion (SB#119865)
   birion@TheDesq.com
2  LAW OFFICE OF BRIAN IRION
   600 Allerton Street
3  Suite 202
   Redwood City, CA  94063
4  Telephone: (650) 363-2600
   Facsimile: (650) 363-2606
5
   (Additional counsel listed on signature block)
6
   Attorneys for Defendant TSI INCORPORATED
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  ALEKSANDR L. YUFA                    Case No. 09-01315 KAW

12              Plaintiff,
                                         The Honorable Kandis A. Westmore
13        v.
                                         **DEFENDANT'S NOTICE OF MOTION
14  TSI INCORPORATED                     AND RENEWED MOTION TO COMPEL
                                         ASSIGNMENT OF PATENTS TO
15                                       RECEIVER**
              Defendant.
16                                       **Hearing Date:**  _____, 2017
                                         **Time:**          __ a.m.
17                                       **Courtroom:**     4 – 3rd Floor

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND RENEWED MOTION**

To:     Plaintiff Aleksandr L. Yufa ("Dr. Yufa"), 698 Cypress Avenue, Colton, CA 92324.

PLEASE TAKE NOTICE that pursuant to the Court's Orders (Dkt. Nos. 240, 262), Defendant TSI, Inc. ("TSI") will and hereby does move the Court to assign U.S. Patent Nos.: 7,573,573; 7,439,855; 6,346,983; 6,034,769; 5,969,665; 5,946,091; and 5,767,967, and any continuation, continuation-in-part, or divisional application(s) related to, and/or that derive priority from, the foregoing patents, and any foreign counterparts thereof, including the rights to all past damages, as well as all income derived from these patents, (collectively "the patents") to the receiver Greyhound IP LLC ("Greyhound IP"), or its acquirer Houlihan Lokey, in order to satisfy the judgment entered in this case.  (Dkt. No. 205)

TSI requests the Court resolve this motion on the papers submitted.  However, upon request by the Court, TSI will schedule a hearing before the Honorable Magistrate Judge Kandis A. Westmore, in the United States Courthouse for the Northern District of California, 1301 Clay Street, Oakland, California 94612.

On December 8, 2014 TSI first moved for the Court to appoint a receiver and compel assignment of Dr. Yufa's patents to the receiver to satisfy TSI's judgment.  (Dkt. No. 206).  On January 5, 2015, the Court denied TSI's motion without prejudice pending the outcome of an appeal.  (Dkt. No. 213.)  The United States Court of Appeal for the Federal Circuit affirmed this Court's judgment on January 26, 2015.  (Dkt. No. 215.)  The United States Supreme Court denied Dr. Yufa's petition for certiorari on April 20, 2015.  Except for a nominal sum, Dr. Yufa has been unable to satisfy the judgment entered by this Court.

TSI renewed the previously-filed motion for appointment of a receiver and to compel assignment of the patents to the receiver in order to satisfy the judgment on May 11, 2015. (Dkt. No. 218.)  On February 28, 2016, the Court granted TSI's motion in part by appointing Greyhound IP as receiver but denied TSI's motion to compel assignment of the patents until after Greyhound IP provided a valuation.  (Dkt. No. 240.)  The Court instructed that a future motion for assignment should be accompanied by a declaration from the receiver setting forth the value

1    of each patent and a plan for selling the patents.  (*Id.* at 5.)  Again Dr. Yufa appealed, and again

2    the Federal Circuit affirmed.  (Dkt. No. 250.)

3        TSI subsequently brought a motion to approve instructions for the administration of

4    Greyhound IP.  (Dkt. No. 255.)  The Court granted TSI's motion, provided a number of

5    instructions for Greyhound IP, including approval of compensation for serving as the receiver.

6    (Dkt. No. 262 at 2-3.)[1]

7        Greyhound IP in its capacity as receiver has now completed its valuation of Dr. Yufa's

8    patents.  Therefore, in accordance with the instruction of the Court provided in the Order

9    appointing a receiver, TSI renews its motion for assignment of Dr. Yufa's patent to the receiver in

10   order to satisfy the judgment entered in this case.

11       This Motion is made based on the declaration from Greyhound IP employee Mitchell

12   Rosenfeld as receiver setting forth the value of each of Dr. Yufa's patents and a plan for selling

13   the patents, on the previously-filed motions and memoranda (Dkt. Nos. 206, 210, 218, 220, 255,

14   259), the previously-filed Declarations of Courtland Merrill (Dkt. Nos. 207, 211, 218-1), the

15   Court's orders (Dkt. Nos. 213, 240, 262), the pleadings and records of file in this case, and such

16   other evidence and/or argument as may be presented to the Court at a hearing.  This Motion is

17   made following the conference of the parties pursuant to L.R. 7-3 which took place on September

18   5, 2017.

19              **MEMORANDUM OF POINTS AND AUTHORITIES**

20   **I.     Pursuant to this Court's orders, the receiver has valued the patents and the time has
           come to compel assignment and sale of the patents to satisfy Dr. Yufa's judgment.**

21       When the Court denied TSI's renewed motion to compel assignment of the patents, the

22   Court stated "the Court will entertain a second motion for assignment once the proposed receiver

23   conducts a proper valuation of each patent, both individually and in the aggregate.  A future

24   motion for assignment should be accompanied by a declaration from the receiver setting forth the

25   value of each patent and a plan for selling the patents."  (Dkt. No. 240 at 5.)  After Dr. Yufa

26   
27   ---
     [1] Dr. Yufa appealed the Court's order for instructions.  (Dkt. No. 263.)  The Federal Circuit
     issued an order to show cause why that appeal should not be dismissed for lack of jurisdiction.
     Order to Show Cause, *Yufa v. TSI Incorporated*, No. 2017-2282 (Fed. Cir. July 28, 2017) (ECF

28   Dkt. No. 10) ("it does not appear that the court has jurisdiction to review the instant order.").  The
     Federal Circuit has not yet issued a decision on this issue.

1    appealed, the Federal Circuit affirmed and concluded that "appointing a receiver was a reasonable

2    method to obtain a fair and orderly satisfaction of the Judgment." (Dkt. No. 250 at 6.) The

3    Federal Circuit further concluded:

4
         At some point, a pro se plaintiff has to recognize that when a court says a cause of
5        action is without merit, the defendant can no longer be forced to incur expenses
         associated with the litigation and must be allowed to collect money owed. Failure
6        to accept that objective reality must necessarily result in the pro se plaintiff
         bearing the expenses the defendant is being forced to pay without good reason.
7        This is such a case.

8    (*Id.* at 6-7.)

9        In accordance with the Court's order (Dkt. No. 240.) and further instructions from the

10   Court (Dkt. No. 262), Greyhound IP completed its valuation of the patents. In connection with

11   that valuation, Greyhound IP researched comparable transactions, completed a detailed analysis

12   of the patents, including a litigation history, to determine how the market would likely view the

13   patents, and estimated a value range for the patents based upon comparable transactions and an

14   assessment of the analytical characteristics of each patent. (Declaration of Mitchell Rosenfeld

15   ("Rosenfeld Decl.") at ¶ 3, Exhibit A at 2.)

16       Greyhound IP concluded that U.S. Patent Nos. 7,573,573, 7,439,855, and 6,346,983 were

17   each valued between $35,000 and $50,000. (*Id.* at 3.) Greyhound IP also concluded U.S. Patent

18   No. 5,969,665 was valued between $24,000 and $48,000. (*Id.*) Finally, Greyhound IP concluded

19   that U.S. Patent Nos. 6,034,769, 5,946,091, and 5,767,967 had a de minimis value because they

20   expired. (*Id.*) Greyhound IP concluded the aggregate value of all the patents is between

21   $129,000 and $198,000. (*Id.*) To put this valuation in perspective, the current outstanding

22   amount of the judgment exceeds $160,000 which does not include any of the receiver's costs.

23   (*See* Dkt. Nos. 205, 262.)

24       Greyhound IP's plan for selling the patents is to: (a) prepare a sales deck; (b) prepare a

25   data room for prospective buyers (patents, file histories, encumbrance information, relevant

26   courts orders and filings, etc.); (c) research and prepare a list of prospective buyers for a

27   marketing campaign; (d) conduct outreach to and communicate with prospective buyers through

28   email and telephone; (e) prepare and place an advertisement or listing in a relevant trade

1   publication if reasonably helpful; (f) negotiate with and secure a stalking horse bidder if possible;

2   and (g) conduct an auction for qualified bidders approximately thirty (30) days after the initial

3   notice to prospective buyers.  (*Id.* at ¶ 8.)

4       Therefore, this Court should now compel Dr. Yufa to assign the patents to Greyhound IP

5   for sale for the reasons set forth in TSI's previous motions and memoranda.  (Dkt. Nos. 206, 210,

6   218, 220.)

7

8   **II.    The judgment will go unsatisfied if the patents are not compelled to the receiver for sale.**

9       To date, Dr. Yufa has made payments between $15-$34 totaling $629 towards satisfaction

10  of the judgment in favor of TSI.  (Fourth Supplemental Declaration of Courtland Merrill.)

11  Without any interest, at the rate he has paid to date, it will take Dr. Yufa hundreds of years to pay

12  off a judgment exceeding $160,000.  (Dkt. No. 205.)  The Court has already found Dr. Yufa "has

13  no other financial means to satisfy the judgment at this time."  (Dkt. 240 at 4-5.)  It is

14  fundamentally unfair to allow Dr. Yufa to keep his patent portfolio outside the reach of TSI as

15  judgment creditor, but, at the same time allow Dr. Yufa to use those patents to assert baseless

16  infringement claims and appeal every decision by this Court, which only increases Dr. Yufa's

17  inability to pay TSI.  If this Court does not compel assignment of the patents to Greyhound IP for

18  sale, the judgment in this case will most likely never be satisfied and TSI will be forced to expend

19  legal expenses without good reason.  (*See* Dkt. No. 250 at 6-7.)

20      As the judgment creditor, TSI is permitted to execute on the judgment as allowed under

21  federal court to use any execution method consistent with the practice and procedures of the state

22  in which the district court sits.  *See* Fed. R. Civ. P. 69(a).  The well-established procedure for a

23  judgment creditor to satisfy a judgment against patents owned by the judgment debtor is to seek a

24  receiver to sell the patents.  *See* Call Civ. Proc. Code § 708.620; *Sleepy Hollow Inv. Co. No. 2 v.*

25  *Prototek, Inc.*, No. C 03-4792 MMC-MEJ, 2006 WL 279349, at *2 (N.D. Cal. Feb. 3, 2006)

26  modified on reconsideration, No. C03-4792 MMC-MEJ, 2007 WL 2701318 (N.D. Cal. Sept. 13,

27  2007); *Sky Technologies LLC v. SAP AG*, 576 F.3d 1374, 1379 (Fed. Cir. 2009); *Finnegan v.*

28  *Finnegan*, 64 Cal. App. 2d 109, 112-13 (Cal. Ct. App. 1944); *Peterson v. Sheriff of City & Cnty.*

1    *Of San Francisco*, 115 Cal. 211, 213 (1896) (writs of execution do not reach patents); *Ager v.*

2    *Murray*, 105 U.S. 126, 131 (1881) (patents are subject to assignment).  As a result, TSI is

3    permitted to enforce the judgment by employing the methods allowed by California law,

4    including compelling assignment of all rights in the patent to Greyhound IP to sell Dr. Yufa's

5    patents.  Accordingly, for the reasons set forth in detail in TSI's previous motions and the Court's

6    order (Dkt. No. 240.), TSI renews its requests that the Court order Dr. Yufa to assign his patents,

7    using a form acceptable to the United States Patent and Trademark Office, to Greyhound IP for

8    sale and to use the funds to satisfy the judgment.  *See* Cal. Code of Civ. Proc.§ 685.070(a)(5).

9

10   **III.     If Dr. Yufa refuses to assign the patents, the Court should appoint Greyhound IP as his legal representative to assign them on Dr. Yufa's behalf.**

11        Dr. Yufa has resisted TSI's efforts at every turn.  If history is any guide, he may resist

12   assigning the patents as well.  If Dr. Yufa refuses the Court's order within ten days, the Court

13   should appoint Greyhound IP as Dr. Yufa's legal representative to allow Greyhound IP to assign

14   the patents on his behalf before selling them.

15        If a patent owner refuses to execute the assignment, the district court may appoint a legal

16   representative to assign the patents on the patent owner's behalf.  For example, in *McClaskey v.*

17   *Harbison-Walker Refractories Co.*, 138 F.2d 493 (3d Cir. 1943), the court validated a sheriff's

18   sale, and labeled the sheriff the "legal representative" of the judgment-debtor and considered the

19   sheriff's bill of sale as the necessary assignment required under 35 U.S.C. § 261.  Section 261

20   states that patents "shall have the attributes of personal property."  *Id.*  "[P]atents . . . shall be

21   assignable in law by an instrument in writing.  The applicant, patentee, or his assigns or legal

22   representative may in like manner grant and convey an exclusive right under his application for

23   patent, or patents, to the whole or any specified part of the United States."  *Id.*

24        If Dr. Yufa refuses to assign the patents to the Greyhound IP within ten days, then, in

25   accordance with *McClaskey*, the Court may appoint Greyhound IP as Dr. Yufa's "legal

26   representative" under Section 261 for purposes of taking possession of and causing the patents to

27   be assigned to the receivership for a sale.  Therefore, the district court should order Dr. Yufa to

28   execute the proposed assignment in the form prescribed by Greyhound IP within ten days of the

1   court's order.  (*See* Rosenfeld Decl., Exhibit B.)  In the event Dr. Yufa fails to do so within ten

2   days, the court should appoint Greyhound IP as Dr. Yufa's legal representative for the sole

3   purpose of executing an assignment of the patents on his behalf to the receivership.

4                                              **<u>CONCLUSION</u>**

5          TSI respectfully requests that the Court grant TSI's Motion, order Dr. Yufa to assign his

6   patents to the Greyhound IP for sale.  If Dr. Yufa refuses to assign the patents within 10 days, the

7   Court should order that Greyhound IP is Dr. Yufa's legal representative for the sole purpose of

8   assigning the patents to the receivership in order to sell them to satisfy the judgment.

16                                      [SIGNATURE PAGE TO FOLLOW]

1    DATED:  September 5, 2017        BY: /s/ *Courtland C. Merrill*

2

3                                    Brian Irion (SB#119865)
                                     birion@TheDesq.com
                                     LAW OFFICE OF BRIAN IRION

4                                      600 Allerton Street
                                     Suite 202

5                                      Redwood City, CA  94063
                                     Telephone: (650) 363-2600

6                                      Facsimile: (650) 363-2606

7                                      Bruce H. Little (*pro hac vice*)
                                     blittle@lindquist.com

8                                      LINDQUIST & VENNUM PLLP
                                     4200 IDS Center

9                                      80 South Eighth Street

10                                    Minneapolis, MN 55402
                                   Telephone: 612-371-3211

11                                    Facsimile: 612-371-3207

12                                    Richard T. Ostlund (*pro hac vice*)
                                   rostlund@anthonyostlund.com

13                                    Courtland C. Merrill (*pro hac vice*)
                                   cmerrill@anthonyostlund.com

14                                    ANTHONY OSTLUND

15                                    BAER & LOUWAGIE P.A.
                                   90 South Seventh Street

16                                    Suite 3600

17                                    Minneapolis, MN 55402
                                   Telephone: 612-349-6969

18                                    Facsimile: 612-349-6996

19                                    ATTORNEYS FOR DEFENDANT

20                                    TSI INCORPORATED

21

22

23

24

25

26

27

28

1

<u>Proof of Service by Mail</u>

2

I, Courtland C. Merrill state:

3

I am over the age of 18 years, employed in the county of Hennepin and am not a party to

4

the above-entitled case.  My business address is 90 South Seventh Street, Suite 3600,

5

Minneapolis, MN 55402.

6

On the below executed date, I served the following document:

7

**1.     DEFENDANT'S NOTICE OF MOTION AND RENEWED MOTION TO**

8

**COMPEL ASSIGNMENT OF PATENTS TO RECEIVER**

9

By depositing a copy thereof in the United States mail at 90 South Seventh Street, Suite

10

3600, Minneapolis, MN 55402 in a sealed envelope, postage fully prepaid, addressed to:

11

Aleksandr L. Yufa
698 Cypress Avenue

12

Colton, CA 92324

13

I declare under penalty of perjury under the laws of the State of Minnesota that the

14

foregoing is true and correct.  Executed at Minneapolis, MN on September 5, 2017.

15

16

/s/ *Courtland C. Merrill*
Courtland C. Merrill

17

18

19

20

21

22

23

24

25

26

27

28