Aleksandr L. Yufa,
698 Cypress Avenue,
Colton, CA 92324
(951) 347-9189-phone/voice, text messages,
ypesinc@msn.com

IN PRO-SE

**FILED**
OCT 03 2018
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aleksandr L. Yufa, <br> Plaintiff <br> v. <br> TSI Incorporated, <br> Defendant | CASE No. 4:09-cv-01315 KAW <br> **NOTICE OF FILING OF PATENT ASSIGNMENT (WITH REMARK)** <br> RE: Order (Dkt. 295) <br> **Judge:** Honorable Kandis A. Westmore <br> **Courtroom:** 4 – 3rd Floor |

    Pursuant to Order (Dkt. 295: page 9, lines 20-22 and 25-27), Plaintiff, Aleksandr L. Yufa, Ph.D. ("Dr. Yufa"), files the Assignment of patents to the patent receiver ("ASSIGNMENT") with the remark ("REMARK") on the reverse side of the ASSIGNMENT. The ASSIGNMENT (notarized original and a courtesy copy) is presented on the separate pages in order to be filed as a separate document enclosed in the correspondence's envelope together with this Notice, but not as Exhibit A to this Notice in order to avoid confusion of the multiple titles of the Exhibits (e.g., 'Exhibit B' at the Footer for Dkt. 268, but "Exhibit A" at the Footer for the docketing ASSIGN-MENT), and at the Header after filing. If Court will require to refile this Notice with the ASSIGNMENT as an Exhibit A, Dr. Yufa will follow to the Courts requirement(s). The Dr. Yufa's signature under ASSIGNMENT, as well as the ASSIGNMENT itself, are valid only with the REMARK to be presented together with the ASSIGNMENT.

    After this Notice and ASSIGNMENT will be filed with this Court, Dr. Yufa will mail to the Federal Circuit a Notice of Withdrawal of Appeal No. 18-2315.

Respectfully submitted:

October 01, 2018

_____
Aleksandr L. Yufa, Ph.D.,
Plaintiff in Pro/Se

## CERTIFICATE OF SERVICE

Mr./Mrs. Brad Adkins, the undersigned, declares:

I am a citizen of the United States of America. I am over the age 18 years and not a party to this action. My business/residence address: 595 N. La Cadena Dr., Colton, CA 92324.

On 10/01, 2018, at the direction of <u>attorneys for TSI Incorporated</u>, I served within, NOTICE OF FILING OF PATENT ASSIGNMENT (WITH REMARK) RE: Order (Dkt. 295) and ASSIGNMENT on the following interested party by <u>First-Class</u> Mail, with postage thereon fully prepaid, a true copies thereof to:

Anthony Ostlund Baer & Louwagie.
Mr. Courtland Merrill,
Attorney
90 South Seventh Street, Suite 3600,
Minneapolis, MN 55402

I declare under penalty of perjury that the foregoing is true and correct as to the best of my recollection, understanding, knowledge and belief.

Executed on the 1st day of October 2018.

Certificate of Service

## ASSIGNMENT

This Assignment is made by Aleksandr L. Yufa ("Dr. Yufa") in favor of Greyhound IP LLC ("Greyhound IP") as receiver in connection with post-judgment proceedings in the civil action *Yufa v. TSI Incorporated*, Case No. 4:09-cv-01315-KAW (N.D. Cal. filed Mar. 25, 2009).

WHEREAS. Dr. Yufa, residing at 698 Cypress Avenue, Colton, California 92324, is the owner of all right, title, and interest to United States Patent Nos. 7,573,573; 7,439,855; 6,346,983; 6,034,769; 5,969,665; 5,946,091; and 5,767,967 ("the Patents");

WHEREAS, on September 4, 2014, the United States District Court for the Northern District of California ("the Court") entered judgment against Dr. Yufa in favor of TSI Incorporated ("TSI") in the amount of $166,364.88 ("the Judgment");

WHEREAS, the Court appointed Greyhound IP, a wholly-owned subsidiary of Houlihan Lokey, Inc., as receiver to value, and then sell, the Patents to satisfy the Judgment;

AND WHEREAS, the Court has ordered Dr. Yufa to assign the Patents to Greyhound IP in order for Greyhound IP to execute a sale of the Patents to satisfy the Judgment;

NOW, THEREFORE, Dr. Yufa, in furtherance of his obligation to satisfy the Judgment, hereby assigns, transfers, and conveys, to Greyhound IP, as receiver, the entire and exclusive right, title and interest in and to the Patents and any reexaminations or reissues, continuations, continuation-in-parts, or divisional applications related to, and/or that derive priority from, the Patents, or foreign counterparts thereof, including, without limitation, the rights to sue for past, present, and future infringement, the right to collect royalties, fees, payments, and damages of any kind, in any legal action or proceeding, based on the Patents, now or later due or payable, whether known or unknown, currently pending or otherwise, and the right to seek injunctive relief.

IN TESTIMONY WHEREOF, I have hereunto set my hand this __1st__ day of __October__ __2018__ ~~2017~~ 2018 (A.Y.) Signed with REMARK on the reverse side of this AGREEMENT. The signature is valid only with REMARK.

_____
Aleksandr L. Yufa

STATE OF __California__ )
                        ) ss.
COUNTY OF __San Bernardino__ )

On this __1st__ day of __October__, __2018__ ~~2017~~ before me personally appeared __Aleksandr L. Yufa__, to be known and known to me to be the person described in and who executed the foregoing instrument, and he duly acknowledged to me that he executed the same for the uses and purposes therein set forth.

_____
Notary Public

[Notary Seal: LIDIA PEREZ, COMM. # 2256217, NOTARY PUBLIC-CALIFORNIA, SAN BERNARDINO COUNTY, Comm Expires AUGUST 27, 2022]

EXHIBIT B

## **REMARK**

**Highly respecting** the decision (Order, Dkt. 295) of the U.S. District Court for Northern California ("CAND") in the Case No. 4:09-cv-01315 KAW, [I, Plaintiff, Aleksandr L. Yufa, Ph.D. ("Dr. Yufa") state that Honorable Judge Kandis A. Westmore is the one of the most respectful Judges I have been honored to meet: as to the Dr. Yufa's best recollection and belief, Honorable Judge Kandis A. Westmore spent around four (4) hours for the claim construction hearing (it is believed, there would not be so many Judges who would spend so long time for claim construction hearing in the patent infringement case where the plaintiff is a *Pro-Se* litigant), and also, during hearing Honorable Judge Kandis A. Westmore demonstrated the incredibly high intellect, abstract (not dogmatic) mind and intelligence in discussion of the laser based optical physics, used in the patent at issue, and analog and digital electronics (and I, Dr. Yufa, holding Ph.D. degree in electronics, really mean it and say it not for the polite words only)], **but being disagreed** with the Order (Dkt. 295) at least with respect to (as to the Dr. Yufa's best recollection, understanding, knowledge and belief): 1) the Defendant's, TSI Incorporated ("TSI"), motion to compel assignment of Dr. Yufa's patents to patent receiver (Dkt. 289) does not argue the Dr. Yufa's "resistance" [Order (Dkt. 295): page 8, lines 12-13], and Dr. Yufa has never "resisted" to any Courts' decisions [Order(s), Judgment(s), etc.], and the Dr. Yufa's rights to appeal the disagreed Courts' decision(s) should not be qualified as a "resistance" [especially, considering that Dr. Yufa, being monetary unable to pay to TSI the attorneys' fee in the entire amount (no waiving any and all private information privileges) makes monthly payments (already made fifty-two /52/ payments) to TSI]; 2) Order's (Dkt. 295) predictions of the negative decisions on the Dr. Yufa's appeals [Order (Dkt. 295): page 9, lines 25-27]: a) prediction of the negative decision by the Supreme Court of the United States ("Supreme Court") on the Dr. Yufa's Writ of Certiorari [Case No. 17-1674], made by CAND when the case was in progress (and later /on October 01, 2018/, there was the negative decision - denial), and b) prediction of the negative decision by the U.S. Court of Appeals for the Federal Circuit ("Federal Circuit") on the Dr. Yufa's appeal of Order (Dkt. 295) in the Case No. 18-2315 [Order (Dkt. 295): page 9, lines 25-27]; and 3) the Order's complete elimination of the Dr. Yufa's right for possible Writ of Certiorari appealing the Federal Circuit's case No. 18-2315 [Order (Dkt. 295): page 9, lines 25-27], **I assign the patents "within 45 days"** [Order (Dkt. 295): page 9, lines 23-25] to the patent receiver **only and only for the purpose to obey** the CAND's Order [Order (Dkt. 295): page 9, lines 20-25] (the unreasonability of continuation of appealing after the CAND's predictions of the negative results for the Dr. Yufa's further appeals has been considered too).

I, Aleksandr L. Yufa, Ph.D., declare under penalty of perjury of the laws of the State of California, that the signature below is my signature made (signed) on the date below.

| | | |
|---|---|---|
| Aleksandr L. Yufa | [signature] | October 01, 2018 |
| Name | Signature | Date |